

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
06/29/2020

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | § | Case No. 20-33233 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | **Re:  Docket No.  7** |

**ORDER (I) AUTHORIZING
THE DEBTORS TO FILE A CONSOLIDATED LIST
OF CREDITORS AND A CONSOLIDATED LIST OF THE
50 LARGEST UNSECURED CREDITORS, (II) WAIVING THE REQUIREMENT
TO FILE A LIST OF EQUITY SECURITY HOLDERS, AND (III) AUTHORIZING THE
DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to file

a consolidated creditor matrix and list of the 50 largest general unsecured creditors in lieu of

submitting separate mailing matrices and creditor lists for each Debtor,  (b) waiving the

requirement to file a list of equity security holders, and (c) authorizing the Debtors to redact certain

personal identification information, all as more fully set forth in the Motion; and upon the First

Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);  and that

this Court may enter a final order consistent with Article III of the United States Constitution; and

this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake.  The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized to file a single consolidated Creditor Matrix for all of these chapter 11 cases.

2.      The Debtors are authorized to file a consolidated Top 50 List.

3.      The requirement that Debtor entity Chesapeake Energy Corporation file a list of its equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is waived.

4.      Any requirement that Debtor Chesapeake Energy Corporation provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of Debtor Chesapeake Energy Corporation's equity securities.

5.      The Debtors are authorized to redact (a) the home addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or similar document filed with the Court and (b) names and address information in respect of individuals protected by the GDPR.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order) to (x) the Court, the United States Trustee for the

Southern District of Texas (the "U.S. Trustee"), counsel to the administrative agent under the Debtors' proposed debtor-in-possession credit facility, counsel to the administrative agent under the Debtors' prepetition revolving credit facility, counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (y) upon request reasonably related to these chapter 11 cases, any party in interest, each subject to the restrictions of the GDPR; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

6.      Service of the Notice of Commencement attached hereto as **Exhibit 1** on all parties listed on the Creditor Matrix at least 21 days prior to the meeting of creditors under section 341 of the Bankruptcy Code shall satisfy the requirements of Bankruptcy Rules 2002(a) and 2002(f).

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.      Notice of the Motion satisfies the requirements of the Bankruptcy Local Rules and the Complex Procedures.

9.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  June 29, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

3

## Exhibit 1

**Proposed Notice of Commencement**

| Information to identify the case: | |
|---|---|

Debtor:     Chesapeake Energy Corporation, *et al.*　　　　　　　EIN:  **73-1395733**

　　　　　Name

United States Bankruptcy Court for the Southern District of Texas

Case Number:     20-33233 (DRJ)　　　　　Date case filed for Chapter 11:  June 28, 2020

## Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                          12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1.　Debtors' full name:  **See chart below.**

List of Jointly Administered Cases

| NO. | DEBTOR | Prior Names | CASE NO. | EIN # |
|---|---|---|---|---|
| 1 | Chesapeake Energy Corporation | N/A | Case No. 20-33233 | 73-1395733 |
| 2 | Brazos Valley Longhorn Finance Corp. | N/A | Case No. 20-33234 | 83-3311465 |
| 3 | Brazos Valley Longhorn, L.L.C. | WildHorse Resource Development Corporation | Case No. 20-33236 | 83-3294278 |
| 4 | Burleson Sand LLC | N/A | Case No. 20-33252 | N/A |
| 5 | Burleson Water Resources, LLC | N/A | Case No. 20-33238 | N/A |
| 6 | Chesapeake AEZ Exploration, L.L.C. | N/A | Case No. 20-33235 | 27-2151081 |
| 7 | Chesapeake Appalachia, L.L.C. | N/A | Case No. 20-33247 | 20-3774650 |
| 8 | Chesapeake E&P Holdings, L.L.C. | Chesapeake E&P Holding Corporation | Case No. 20-33237 | 27-4485832 |
| 9 | Chesapeake Energy Louisiana, LLC | Chesapeake Energy Louisiana Corporation | Case No. 20-33240 | 73-1524569 |
| 10 | Chesapeake Energy Marketing, L.L.C. | Chesapeake Energy Marketing, Inc.; Chesapeake OK Nat Gas Supply, L.L.C.; Millennium Gas Partners LLC | Case No. 20-33244 | 73-1439175 |
| 11 | Chesapeake Exploration, L.L.C. | Chesapeake BE, L.L.C.; Gothic Production, L.L.C.; CHK Utica Preferred Holdings, L.L.C. | Case No. 20-33239 | 71-0934234 |

| 12 | Chesapeake Land Development Company, L.L.C. | Boyington Land, L.L.C.; NHCS, L.L.C.; Nichols Hills Market, L.L.C.; Sayre Property Development, L.L.C.; Waterford Land Company, LLC; Atrium Towers, L.L.C.; Barnes Veritas Holdings, L.L.C.; East Classen Property Development, L.L.C.; Grandmark Acquisiiton, L.L.C.; Property Development Capital, L.L.C.; Paradise Road Real Estate Company, L.L.C.; Wilshire Holdings, L.L.C.; | Case No. 20-33262 | 20-2099392 |
| 13 | Chesapeake Louisiana, L.P. | N/A | Case No. 20-33242 | 73-1519126 |
| 14 | Chesapeake Midstream Development, L.L.C. | Chesapeake Midstream Development, L.P.; Arkansas Midsream Gas Services Corp.; AMGS, L.L.C.; Chesapeake Midstream Holdings, L.L.C.; Chesapeake West Texas Gathering, L.L.C.; Chesapeake Midstream Management, L.L.C.; | Case No. 20-33246 | 46-1179116 |
| 15 | Chesapeake NG Ventures Corporation | N/A | Case No. 20-33254 | 45-2354177 |
| 16 | Chesapeake Operating, L.L.C. | Chesapeaake Operating, Inc.; Afterdot, L.L.C.; Castlebrook, L.L.C.; Chesapeake Equipment Finance, L.L.C.; Eagle Well Service, Inc.; CHK Services Holdings, L.L.C.; Mineral Acquisition Management, L.L.C.; Chesapeake Plaza, L.L.C. | Case No. 20-33249 | 73-1343196 |
| 17 | Chesapeake Plains, L.L.C. | N/A | Case No. 20-33260 | 81-3212038 |
| 18 | Chesapeake Royalty, L.L.C. | Chesapeake Royalty Company; CHK-MAC, L.L.C. | Case No. 20-33251 | 73-1549744 |
| 19 | Chesapeake VRT, L.L.C. | Cheapeake VRT Corp. | Case No. 20-33241 | 20-8380083 |
| 20 | Chesapeake-Clements Acquisition, L.L.C. | N/A | Case No. 20-33264 | 20-8716794 |
| 21 | CHK Energy Holdings, Inc. | CHK Holdings Corporation | Case No. 20-33232 | 46-1772347 |
| 22 | Chesapeake NGV Leasing Company, L.L.C. | N/A | Case No. 20-33248 | 27-0206525 |
| 23 | CHK Utica, L.L.C. | N/A | Case No. 20-33250 | 36-4711997 |
| 24 | Compass Manufacturing, L.L.C. | N/A | Case No. 20-33257 | 26-1455378 |
| 25 | EMLP, L.L.C. | N/A | Case No. 20-33265 | 27-0581428 |
| 26 | Empress Louisiana Properties, L.P. | N/A | Case No. 20-33269 | 20-1993109 |
| 27 | Empress, L.L.C. | N/A | Case No. 20-33255 | 26-2809898 |
| 28 | Esquisto Resources II, LLC | N/A | Case No. 20-33243 | 47-4429762 |
| 29 | GSF, L.L.C. | N/A | Case No. 20-33267 | 26-2762867 |
| 30 | MC Louisiana Minerals, L.L.C. | N/A | Case No. 20-33253 | 26-3057487 |
| 31 | MC Mineral Company, L.L.C. | N/A | Case No. 20-33256 | 61-1448831 |
| 32 | MidCon Compression, L.L.C. | N/A | Case No. 20-33263 | 20-0299525 |
| 33 | Nomac Services, L.L.C. | N/A | Case No. 20-33270 | 45-1157545 |
| 34 | Northern Michigan Exploration Company, L.L.C. | N/A | Case No. 20-33271 | 27-2462483 |
| 35 | Petromax E&P Burleson, LLC | N/A | Case No. 20-33261 | N/A |
| 36 | Sparks Drive SWD, Inc. | N/A | Case No. 20-33245 | 76-0722336 |
| 37 | WHE AcqCo., LLC | N/A | Case No. 20-33268 | N/A |
| 38 | WHR Eagle Ford, LLC | N/A | Case No. 20-33258 | N/A |
| 39 | WildHorse Resources II, LLC | WildHorse Merger Sub, LLC | Case No. 20-33259 | 81-5318155 |
| 40 | WildHorse Resources Management Company, LLC | N/A | Case No. 20-33266 | 61-1695582 |
| 41 | Winter Moon Energy Corporation | Green Mountain Drilling, L.L.C. | Case No. 20-33272 | 26-1939483 |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years:** | **See chart above.** |

| | |
|---|---|
| **3.** | **Address:  6100 N Western Ave, Oklahoma City, Oklahoma 73118** |

| |
|---|
| **4.    Debtors' attorneys:** |

| | |
|---|---|
| **JACKSON WALKER L.L.P.**<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Jennifer F. Wertz (TX Bar No. 24072822)<br>Kristhy M. Peguero (TX Bar No. 24102776)<br>Veronica A. Polnick (TX Bar No. 24079148)<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone:         (713) 752-4200 | Debtors' notice and claims agent (for court documents and case information inquiries):<br><br>If by First-Class Mail:<br>Chesapeake Energy Corporation<br>Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4419 |

| | |
|---|---|
| Facsimile:          (713) 752-4221<br>Email:               mcavenaugh@jw.com<br>                        jwertz@jw.com<br>                        kpeguero@jw.com<br>                        vpolnick@jw.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Patrick J. Nash, Jr., P.C.<br>Marc Kieselstein, P.C.<br>Alexandra Schwarzman<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:        (312) 862-2000<br>Facsimile:         (312) 862-2200<br>Email:              patrick.nash@kirkland.com<br>                       marc.kieselstein@kirkland.com<br>                       alexandra.schwarzman@kirkland.com | Beaverton, OR 97076-4419<br><br>If by Hand Delivery or Overnight Mail:<br>Chesapeake Energy Corporation<br>Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005<br><br>U.S. toll-free:  855-907-2082<br>International:  +1 503-520-4448<br>Email:  chesapeakeinfo@epiqglobal.com<br>Case website:  https://dm.epiq11.com/chesapeake |

| | | |
|---|---|---|
| **5. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br><br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | United States Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002<br><br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://dm.epiq11.com/chesapeake. | **Hours open: Monday − Friday**<br>**8:00 AM − 5:00 PM**<br>**Contact phone: 713-250-5500** |
| **6. Meeting of Creditors**<br><br>The debtor's representative must attend the meeting to be questioned under oath.  Creditors may attend, but are not required to do so. | **Time and Date:  [●], 2020**<br><br>The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | **Location: To be Determined** |
| **7. Proof of claim deadline:** | **Deadline for filing proof of claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>• Your claim is designated as disputed, contingent or unliquidated;<br>• You file a proof of claim in a different amount; or<br>• You receive another notice<br><br>If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | Not yet set. If a deadline is set, notice will be sent at a later time. |
| **8. Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).<br>**Deadline for filing the complaint: To be Determined** | |

any required filing fee by the following deadline.

| 9. | Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|
| 10. | Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Official Form 309F (For Corporations or Partnerships)                    **Notice of Chapter 11 Bankruptcy Case**