

ENTERED
07/01/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | § | Case No. 20-33233 (DRJ) |
| | § | |
| Debtors. | § (Jointly Administered) | |
| | §    (Docket No. 25) | |

### ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN INFORMATION IN CERTAIN CONFIDENTIAL LETTERS RELATED TO THE PROPOSED DEBTOR-IN-POSSESSION FINANCING

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to file under seal the confidential Fee Letters attached to the DIP Motion and (b) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake.  The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to file under seal the Fee Letters attached to the DIP Motion. The Fee Letters shall remain confidential, and shall not be made available to anyone, other than as provided in paragraph 2 of this Order, without the prior written consent of the Debtors and the DIP Agent or further order of the Court.

2. The Debtors are authorized to cause the unsealed version of the Fee Letters to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; (c) the Committee (on a confidential and professional eyes only basis); and (d) any other party as may be ordered by the Court or agreed to by the Debtors and the DIP Agent in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the Fee Letters (and any information derived therefrom).

3. The Debtors and any party authorized to receive the sealed Fee Letters shall be authorized and directed, subject to Bankruptcy Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: July 01, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**