Received 7/2/2020 2:37:17 PM Supreme Court Middle District
Filed 7/2/2020 2:37:00 PM Supreme Court Middle District
82 MAP 2019

# Exhibit 1

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

---

**No. 82 MAP 2019**

---

COMMONWEALTH OF PENNSYLVANIA,

                                                                    Appellee

v.

CHESAPEAKE ENERGY CORPORATION; CHESAPEAKE
APPALACHIA, L.L.C.; CHESAPEAKE OPERATING, L.L.C.;
CHESAPEAKE ENERGY MARKETING, L.L.C.

                                                                    Appellants

**Appeal of Chesapeake Energy Corporation; L.L.C.**
**Chesapeake Appalachia, L.L.C.; Chesapeake Operating, L.L.C.;**
**Chesapeake Energy Marketing, L.L.C. at 82 MAP 2019**

---

**COMMONWEALTH OF PENNSYLVANIA'S RESPONSE**
**TO APPELLANTS CHESAPEAKE ENERGY CORPORATION, L.L.C.;**
**CHESAPEAKE APPALACHIA, L.L.C.; CHESAPEAKE OPERATING,**
**L.L.C.; AND CHESAPEAKE ENERGY MARKETING, L.L.C.'S NOTICE**
**OF SUGGESTION OF PENDENCY OF BANKRUPTCY AND**
**AUTOMATIC STAY OF THESE PROCEEDINGS**

Chesapeake Energy Corporation; L.L.C.; Chesapeake Appalachia, L.L.C.; Chesapeake Operating, L.L.C.; and Chesapeake Energy Marketing, L.L.C. (collectively, "Chesapeake") are appellants in this Court at 82 MAP 2020. On June 29, 2020, Chesapeake filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of These Proceedings pursuant

to Section 362(a) of the Bankruptcy Code. The Commonwealth is filing this Response because there is good cause to believe there is an exception to the stay provisions of the Bankruptcy Code which applies in this case.

A. **FACTUAL, PROCEDURAL, AND LEGAL BACKGROUND**

1. Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") [73 P.S. §§ 201-1 *et seq.*] prohibits "unfair methods of competition" and "unfair or deceptive acts or practices." 73 P.S. §§ 201-2(4), 201-3. The Attorney General is authorized to "bring an action in the name of the Commonwealth" to restrain prohibited acts and practices "by temporary or permanent injunction[.]" 73 P.S. § 201-4.1. When a court issues a permanent injunction to restrain and prevent violations of the UTPCPL, it has discretion to "direct that the defendant or defendants restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any violation of [the UTPCPL], under terms and conditions to be established by the court." 73 P.S. § 201.4.1. If a court finds that a defendant has "willfully" violated the UTPCPL, the Commonwealth may recover a "civil penalty" that does not exceed $1,000.00 per violation. 73 P.S. § 201-8(b). Where the victim of a statutory violation "is sixty years of age or older," the "civil penalty" may not exceed $3,000.00 per violation. 73 P.S. § 201-8(b).

2. On December 9, 2015, the Commonwealth, acting through the Attorney General, brought an action against Chesapeake,[1] pursuant to the UTPCPL, in the Court of Common Pleas of Bradford County. The Commonwealth filed an Amended Complaint on January 15, 2016, and a Second Amended Complaint on May 3, 2016.

3. In the Second Amended Complaint, the Commonwealth alleged that the named defendants had violated the UTPCPL and Pennsylvania's antitrust common law by using unfair and deceptive tactics to secure leases for subsurface mineral rights from private landowners; by the subsequent reduced payment of royalties through improper deductions; and by entering into an undisclosed, per se unlawful market allocation agreement, beyond the separate and distinct joint venture agreement. In its prayers for relief, the Commonwealth sought the entry of an order: (1) declaring that the defendants' conduct had been in violation of the UTPCPL and antitrust common law; (2) enjoining the defendants from violating Pennsylvania law in the future; (3) directing the defendants to restore money that may have been acquired by unlawful means to the relevant Pennsylvania landowners; (4) directing the defendants to pay $1,000.00 in civil penalties for

---

[1] Anadarko Petroleum Corporation, and Anadarko E&P Onshore, LLC (collectively, "Anadarko") were also named as defendants by the Commonwealth. They filed a separate appeal in this Court at No. 81 MAP 2019. Although this appeal is consolidated with Chesapeake's appeal at 82 MAP 2019, Anadarko has not filed for bankruptcy and has not suggested that its affiliated companies are governed by the stay provisions of the Bankruptcy Code in this case.

each violation of the UTPCPL, increasing to $3,000.00 for each violation involving a victim who had reached the age of sixty; (5) directing the defendants to disgorge and forfeit all profits that they had derived from their unlawful activities; (6) directing the defendants to pay the Commonwealth all costs relating to the investigation and prosecution of the action; (7) directing the defendants to forfeit their right or franchise to engage in certain business activities "until such time as all monies ha[d] been paid for restitution, costs and civil penalties;" and (8) providing any other relief that the Court deemed to be "necessary and appropriate."

4. The Chesapeake and Anadarko defendants separately filed preliminary objections to the Second Amended Complaint. The trial court denied those preliminary objections on December 14, 2017. Chesapeake and Anadarko were granted permission to file interlocutory appeals to Commonwealth Court. In a decision dated March 15, 2019, the Commonwealth Court held that the Commonwealth's action could proceed under the UTPCPL, and that its statutory antitrust claims were cognizable to the extent that they were based on "unfair methods of competition" or "unfair or deceptive acts or practices" that fell within the UTPCPL's purview. *Anadarko Petroleum Corporation, et. al. v. Commonwealth of Pennsylvania*, 206 A.3d 51, 61 (Pa. Cmwlth. 2019).

5. On October 30, 2019, this Court granted separate petitions for allowance of appeal that had been separately filed by Chesapeake and Anadarko.

The Court, in granting the petitions, stated that it would decide the following issues:

> (1)  Are claims by the Commonwealth, brought on behalf of private landowners against natural gas extractors alleging that the extractors used deceptive, misleading, and unfair tactics in securing natural gas leases from landowners, cognizable under the Unfair Trade Practices and Consumer Protection Law?
>
> (2)  May the Commonwealth pursue antitrust remedies under the Unfair Trade Practices and Consumer Protection Law?

*Commonwealth of Pennsylvania v. Chesapeake Energy Corporation*, 218 A.3d 1205 (Pa. 2019) (Table).  The case was argued before the Court on May 27, 2020.  A final decision is still pending.

6. On June 28, 2020, Chesapeake filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Texas.

7. On June 29, 2020, Chesapeake filed a Notice of Suggestion of Pendency of Bankruptcy in the Supreme Court of Pennsylvania, incorrectly contending that the Commonwealth's action had been automatically stayed pursuant to 11 U.S.C. § 362(a).

**B.  THE COMMONWEALTH'S ACTION IN THE PENNSYLVANIA COURTS CLEARLY CONSTITUTES AN EXERCISE OF ITS "POLICE AND REGULATORY POWER" AND FALLS WITHIN THE STATUTORY EXCEPTION TO THE AUTOMATIC STAY CODIFIED AT 11 U.S.C. § 362(B)(4).**

1.     Because the Commonwealth's action in the Pennsylvania courts clearly constitutes an exercise of its "police and regulatory power" under the applicable legal standards, the Commonwealth respectfully maintains that the action falls within the statutory exception to the automatic stay codified at 11 U.S.C. § 362(b)(4) (. . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.").

2. This Court and the Bankruptcy Court enjoy concurrent jurisdiction to determine whether the pending action in the Pennsylvania courts is stayed, or whether it is excepted from the stay pursuant to § 362(b)(4).  *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986); *Federal Trade Commission v. Educare Centre Services, Inc.*, 611 B.R. 556, 560 (W.D.Tex. 2019).

3.     "The Bankruptcy Code clearly anticipates ongoing governmental regulatory jurisdiction while a bankruptcy proceeding is pending."  *In re: Migrant Corp.*, 378 F.3d 511, 523 (5th Cir. 2004).

4.     The Court of Appeals for the Fifth Circuit has recognized that the filing of a bankruptcy petition does not stay an action by a governmental unit to *prevent or stop a violation* of a consumer protection law or to *fix damages* for such a violation.  *In re: Halo Wireless, Inc.*, 684 F.3d 581, 587 (5th Cir. 2012).

5. In *Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267, 273 (3d Cir. 1984), the Court of Appeals for the Third Circuit declared that § 362(b)(4)'s exception to the automatic stay must "be construed broadly," that "no unnatural efforts [should] be made to limit its scope[,]" and that it should be "read in favor of the States" whenever possible. The Fifth Circuit has found the reasoning employed by the Third Circuit in *Penn Terra Ltd.* to be persuasive. *Matter of Commonwealth Oil Refining Co., Inc.*, 805 F.2d 1175, 1184-1188 (5th Cir. 1986).

6. Applying Third Circuit precedent in *Commonwealth of Pennsylvania v. Burns (In re: Burns)*, Bankr. No. 5-bk-07-50140, Adversary No. 5-ap-07-50121, 2008 WL 3246244 at *3 (Bankr.M.D.Pa. Aug. 7, 2008), the United States Bankruptcy Court for the Middle District of Pennsylvania held that § 362(b)(4) permitted the Attorney General to "proceed to the point of money judgment" in an action brought under the UTPCPL against a debtor in bankruptcy. The Bankruptcy Court specifically explained that § 362(b)(4) allowed the Commonwealth to seek "restitution on behalf of individuals purportedly wronged by the Debtor as well as penalties on behalf of the Attorney General." *Burns*, 2008 WL 3246244, at *4.

7. The reasoning employed by the Bankruptcy Court in *Burns* applies with equal force to this case. "While any enforcement action undertaken by the Attorney General to recover against the Debtor's assets must be done through the

mechanisms provided for in the Bankruptcy Code, the entry of a money judgment in state court [would] not constitute a violation of the automatic stay." *Burns*, 2008 WL 3246244, at *5.

8. The Bankruptcy Court's decision in *Burns* is consistent with the decisions of other bankruptcy courts interpreting § 362(b)(4) to authorize States to enforce their "unfair trade practices" laws against debtors. *In re: Guardia*, 522 B.R. 734, 735-736 (Bankr.S.D.Fla. 2014); *In re: Nelson*, 240 B.R. 802, 803-807 (Bankr.D.Me. 1999).

9. The Commonwealth can exercise its police and regulatory power without making "a showing of imminent and specific public harm." *In re: Interchemicals Co., Inc.*, 148 B.R. 263, 267 (Bankr.S.D.Tex. 1992).

10. It is undisputed that actions brought *by the Commonwealth* under the UTPCPL are designed to vindicate the "public interest." *Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 445 (Pa. 2001).

11. Since the Commonwealth is seeking injunctive relief in addition to restitution and civil penalties, its action in the Pennsylvania courts obviously falls within the broad purview of § 362(b)(4). *In re: Gandy*, 327 B.R. 796, 806 (Bankr.S.D.Tex. 2005) (holding that an action proceeding under Texas' Deceptive Trade Practices Act constituted an exercise of Texas' "police and regulatory power").

12. For these reasons, the Commonwealth respectfully requests that the Court declare that the action pending in the Pennsylvania courts may proceed up to, and including, the entry of a final judgment against the Chesapeake defendants. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 896, n. 4 (W.D.Tex. 2001).

## PRAYER FOR RELIEF

**WHEREFORE**, the Commonwealth of Pennsylvania respectfully requests that the Court declare that the action pending at 82 MAP 2019, including the related proceedings pending before the Bradford County Court of Common Pleas at Docket No. 2015IR0069, is excepted from the automatic stay by the operation of 11 U.S.C. § 362(b)(4).

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   /s/ Howard G. Hopkirk

HOWARD G. HOPKIRK
Senior Deputy Attorney General
Appellate Litigation Section
Bar No. 74264

JOSEPH S. BETSKO
Senior Deputy Attorney General
Antitrust Section
Bar No. 82620

J. BART DeLONE

                                            Chief Deputy Attorney General
                                             Chief, Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, Pa  17120
Phone: (717) 783-1478
FAX:   (717) 772-4526

Date:   July 2, 2020

# CERTIFICATE OF SERVICE

I, Howard G. Hopkirk, Senior Deputy Attorney General, do hereby certify that I have this day served the foregoing Commonwealth Of Pennsylvania's Response To Appellants Chesapeake Energy Corporation, L.L.C.; Chesapeake Appalachia, L.L.C.; Chesapeake Operating, L.L.C.; And Chesapeake Energy Marketing, L.L.C.'S Notice Of Pendency Of Bankruptcy And Automatic Stay Of These Proceedings by electronic service to the following:

| | |
|---|---|
| Dorothy Alicia Hickok, Esquire<br>Ronald A. Sarachan, LLP<br>Drinker Biddle & Reath LLP<br>1 Logan Square, Suite 2000<br>Philadelphia, PA 19103-6996<br><br>Daniel Thomas Brier, Esquire<br>Donna Ann Walsh, Esquire<br>Myers, Brier & Kelly, L.L.P.<br>425 Spruce Street, Suite 200<br>Scranton, PA 18503<br><br>*Counsel for Petitioners* in 82 MAP 2019*, Chesapeake Operating, L.L.C., Chesapeake Energy Marketing, L.L.C., Chesapeake Energy Corporation and Chesapeake Appalachia, L.L.C.* | Jared Dimock Bayer, Esquire<br>George A. Bibikos, Esquire<br>Cozen O'Conner<br>One Liberty Place, Suite 2800<br>Philadelphia, PA 19103<br><br>George A. Bibikos, Esquire<br>Cozen O'Conner<br>17 N. Second Street, Suite 1410<br>Harrisburg, PA 17101<br><br>*Counsel for Appellants* in 81 MAP 2019*, Andarko Petroleum Corporation and Andarko E&P Onshore, L.L.C.* |

                                                 /s/ Howard G. Hopkirk
                                                HOWARD G. HOPKIRK
                                                Senior Deputy Attorney General

Date: July 2, 2020