**<u>Exhibit A</u>**

**Debtors' Notice of Suggestion of Bankruptcy**

Received 6/29/2020 3:15:48 PM Supreme Court Middle District

Filed 6/29/2020 3:15:00 PM Supreme Court Middle District
82 MAP 2019

# THE SUPREME COURT OF PENNSYLVANIA

---

## NO. 82 MAP 2019

---

### COMMONWEALTH OF PENNSYLVANIA,

v.

### CHESAPEAKE ENERGY CORPORATION; CHESAPEAKE APPALACHIA, L.L.C.; CHESAPEAKE OPERATING, L.L.C.; CHESAPEAKE ENERGY MARKETING, L.L.C.,

Appeal of: Chesapeake Energy Corporation; Chesapeake Appalachia, L.L.C.; Chesapeake Operating, L.L.C.; Chesapeake Energy Marketing, L.L.C.

*Appeal from the Oder of the Commonwealth Court at No. 60 C.D. 2018 dated March 15, 2019 Affirming in Part and Reversing in Part the Order of the Bradford County Court of Common Pleas, Civil Division, at 2015IR0069 dated December 15, 2017 and Remanding*

---

## NOTICE OF SUGGESTION OF PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY OF THESE PROCEEDINGS[1]

---

D. Alicia Hickok
FAEGRE DRINKER BIDDLE &
    REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103

Daniel T. Brier
Donna A. Walsh
MYERS, BRIER & KELLY, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503

Daniel T. Donovan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC  20005

Attorneys for Appellants, Chesapeake Energy Corporation, Chesapeake
Appalachia, L.L.C., Chesapeake Operating, L.L.C. and
Chesapeake Energy Marketing, L.L.C.

---

[1] This Notice is filed only in Docket No. 82 MAP 2019, which was consolidated for briefing and argument purposes with 81 MAP 2019.

### NOTICE OF SUGGESTION OF PENDENCY OF BANKRUPTCY FOR CHESAPEAKE ENERGY CORPORATION, ET AL., AND AUTOMATIC STAY OF THESE PROCEEDINGS

**PLEASE TAKE NOTICE** that, on June 28, 2020, Chesapeake Energy Corporation and its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 ("Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court"). The Debtors' chapter 11 cases are pending before the Honorable David R. Jones, United States Bankruptcy Judge, and joint administration has been requested under the lead case *In re Chesapeake Energy Corporation, et al.*, Case No. 20-33233 (collectively, the "Chapter 11 Cases"). A copy of the voluntary petition of the lead Debtor, Chesapeake Energy Corporation, is attached hereto as **Exhibit A.**

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions gives rise to a stay, applicable to all entities, of, among other things: (a) the commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Chapter 11 Cases or (ii) to recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases; (b) the enforcement, against any of the Debtors or against any property of each of

the Debtors' bankruptcy estates, of a judgment obtained prior to the commencement of the Chapter 11 Cases; and (c) any act to obtain possession of property of or from any of the Debtors' bankruptcy estates, or to exercise control over property of any of the Debtors' bankruptcy estates.   No order has been entered in the Chapter 11 Cases granting relief from the automatic stay with respect to the above-captioned case.

**PLEASE TAKE FURTHER NOTICE** that pleadings filed in the Chapter 11 Cases may be obtained free of charge by visiting the website of Debtors' noticing and claims agent at https://dm.epiq11.com/chesapeake.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.txs.uscourts.gov/page/bankruptcy-court (PACER login and password required) in accordance with the procedures and fees set forth therein.

Respectfully submitted,

/s/ Daniel T. Brier

D. Alicia Hickok
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103

Daniel T. Donovan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

Date:  June 29, 2020

Daniel T. Brier
Donna A. Walsh
MYERS, BRIER & KELLY, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

*Attorneys for Appellants Chesapeake Energy Corporation, Chesapeake Appalachia, L.L.C., Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, L.L.C.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that requires filing confidential information and documents differently than non-confidential information and documents.

/s/ Daniel T. Brier
Daniel T. Brier

Date:  June 29, 2020

# Exhibit A

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| **1.** | **Debtor's Name** | **Chesapeake Energy Corporation** | |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** | |
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | **73-1395733** | |

**4.** **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **6100 North Western Avenue**<br>Number        Street | Number        Street |
| | P.O. Box |
| **Oklahoma City, Oklahoma 73118**<br>City        State        Zip Code | City        State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Oklahoma County**<br>County | Number        Street |
| | City        State        Zip Code |

**5.** **Debtor's website (URL)**     **www.chk.com**

**6.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Chesapeake Energy Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check One:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☒ Chapter 11.   *Check all that apply:* |

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | | |
|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | District | When MM/DD/YYYY   Case number |
| | ☐ Yes. | District | When   Case number |
| If more than 2 cases, attach a separate list. | | | MM/DD/YYYY |

| Debtor | **Chesapeake Energy Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|---|
| | | District | **Southern District of Texas** | When | **06/28/2020**<br>MM / DD / YYYY |
| | | Case number, if known | | | |

| 11. **Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|
| | ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No[1]<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|
| | **Why does the property need immediate attention?** (*Check all that apply.*) |
| | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>What is the hazard? _____ |
| | ☐ It needs to be physically secured or protected from the weather. |
| | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | ☐ Other _____ |
| | **Where is the property?** _____<br>Number          Street<br><br>_____<br>City                State    Zip Code |
| | **Is the property insured?** |
| | ☐ No |
| | ☐ Yes. Insurance agency _____<br>Contact name _____<br>Phone _____ |

| **Statistical and administrative information** |
|---|

| 13. **Debtor's estimation of available funds** | *Check one:* |
|---|---|
| | ☒ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

[1] Although the Debtor is not aware of any definition of "imminent and identifiable hazard" as used in this form, the Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable hazard to the public health or safety.

| Debtor | **Chesapeake Energy Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 14. Estimated number of creditors[1] | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **06/28/2020**
                  MM/ DD / YYYY

**✗** /s/ *Domenic J. Dell'Osso, Jr.*                    Domenic J. Dell'Osso, Jr.
Signature of authorized representative of debtor         Printed name

Title   **Executive Vice President and Chief Financial Officer**

**18. Signature of attorney**

**✗** /s/ *Matthew D. Cavenaugh*           Date   **06/28/2020**
Signature of attorney for debtor                        MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number               Street

**Houston**                                **Texas**        **77010**
City                                        State           ZIP Code

**(713) 752-4200**                          **mcavenaugh@jw.com**
Contact phone                               Email address

**24062656**                                **Texas**
Bar number                                  State

---

[1]   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CHESAPEAKE ENERGY CORPORATION, | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtor. | ) |  |

<u>**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**</u>

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  **001-13726**

2.   The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2019**

(a)   Total assets                               $  **16,193,000,000**

(b)   Total debts (including debts listed in 2.c., below)   $  **11,792,000,000**

(c)   Debt securities held by more than 500 holders        **N/A**

|  |  |  |  | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

(d)   Number of shares of preferred stock[1]

4.5% Preferred Stock – 2,558,900
5% Preferred Stock – 1,810,667
5.75% Preferred Stock – 928,679
5.75A% Preferred Stock – 477,242

(e)   Number of shares of common stock[2]            9,783,101

Comments, if any:   **Chesapeake Energy Corporation does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3.   Brief description of debtor's business:   **Chesapeake owns and operates valuable oil and natural gas assets in certain key U.S. hydrocarbon producing states, including Oklahoma, Texas, Louisiana, Pennsylvania, and Wyoming.**

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**The Carlyle Group L.P. (8.84%); The Vanguard Group (8.35%); Franklin Resources, Inc. (7.69%); State Street Corporation (5.36%)**

---

[1]   As of May 7, 2020

[2]   As of May 7, 2020

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____          Chapter     11

☐ Check if this is an
amended filing

**<u>Rider 1</u>**
**<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Chesapeake Energy Corporation.

- Brazos Valley Longhorn Finance Corp.
- Brazos Valley Longhorn, L.L.C.
- Burleson Sand LLC
- Burleson Water Resources, LLC
- Chesapeake AEZ Exploration, L.L.C.
- Chesapeake Appalachia, L.L.C.
- Chesapeake E&P Holding, L.L.C.
- Chesapeake Energy Corporation
- Chesapeake Energy Louisiana, LLC
- Chesapeake Energy Marketing, L.L.C.
- Chesapeake Exploration, L.L.C.
- Chesapeake Land Development Company, L.L.C.
- Chesapeake Louisiana, L.P.
- Chesapeake Midstream Development, L.L.C.
- Chesapeake NG Ventures Corporation
- Chesapeake Operating, L.L.C.
- Chesapeake Plains, LLC
- Chesapeake Royalty, L.L.C.
- Chesapeake VRT, L.L.C.
- Chesapeake-Clements Acquisition, L.L.C.
- CHK Energy Holdings, Inc.

- CHK NGV Leasing Company, L.L.C.
- CHK Utica, L.L.C.
- Compass Manufacturing, L.L.C.
- EMLP, L.L.C.
- Empress Louisiana Properties, L.P.
- Empress, L.L.C.
- Esquisto Resources II, LLC
- GSF, L.L.C.
- MC Louisiana Minerals, L.L.C.
- MC Mineral Company, L.L.C.
- MidCon Compression, L.L.C.
- Nomac Services, L.L.C.
- Northern Michigan Exploration Company, L.L.C.
- Petromax E&P Burleson, LLC
- Sparks Drive SWD, Inc.
- WHE AcqCo., LLC
- WHR Eagle Ford LLC
- WildHorse Resources II, LLC
- WildHorse Resources Management Company, LLC
- Winter Moon Energy Corporation

**Fill in this information to identify the case:**

Debtor name   Chesapeake Energy Corporation et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known):

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders**
12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 5.5% convertible senior notes due 2026 | | | | $1,064,225,000 |
| 2 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 7.00% senior notes due 2024 | | | | $623,595,000 |
| 3 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 4.875% senior notes 2022 | | | | $271,759,000 |
| 4 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 8.00% senior notes due 2027 | | | | $252,747,000 |
| 5 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 8.00% senior notes due 2025 | | | | $246,474,000 |
| 6 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 2 N. LaSalle Street Suite 1020 Chicago, IL 60602 | Attn: Thomas P. Gibbons Title: CEO Phone: (212) 495-1784 Email: todd.gibbons@bnymellon.com Fax: (312) 827-8542 | 6.625% senior notes due 2020 | | | | $176,483,000 |
| 7 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 5.75% senior notes due 2023 | | | | $167,743,000 |

Case 20-33233   Document 1   Filed in TXSB on 06/28/20   Page 8 of 26

Debtor ___Chesapeake Energy Corporation et al.,___          Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 2 N. LaSalle Street Suite 1020 Chicago, IL 60602 | Attn: Thomas P. Gibbons Title: CEO Phone: (212) 495-1784 Email: todd.gibbons@bnymellon.com Fax: (312) 827-8542 | 6.125% senior notes due 2021 | | | | $166,350,000 |
| 9 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 5.375% senior notes due 2021 | | | | $126,888,000 |
| 10 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 7.5% senior notes due 2026 | | | | $118,937,000 |
| 11 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 2 N. LaSalle Street Suite 1020 Chicago, IL 60602 | Attn: Thomas P. Gibbons Title: CEO Phone: (212) 495-1784 Email: todd.gibbons@bnymellon.com Fax: (312) 827-8542 | 6.875% senior notes due 2020 | | | | $73,598,000 |
| 12 | DEUTSCHE BANK TRUST COMPANY AMERICAS Attention: Corporates Deal Team Manager – Chesapeake Energy Corporation Trust & Agency Services 60 Wall Street, 16th Floor Mail Stop: NYC60-1630 New York, NY 10005 | Attn: James Von Moltke Title: CFO Phone: (212) 250-2500 Email: james.vonmoltke@db.com Fax: (732) 578-4635 | 8.00% senior notes due 2026 | | | | $45,861,000 |
| 13 | HALLIBURTON ENERGY SERVICES INC 3000 N. Sam Houston Pkwy E. Houston, TX 77032 | Attn: Jeff Miller Title: CEO Phone: (281) 871-4000 Email: jeff.miller@halliburton.com | Trade Payables | | | | $21,104,132 |
| 14 | WILLIAMS COMPANIES INC One Williams Center PO BOX 2400 Tulsa, OK 74102-2400 | Attn: Alan S. Armstrong Title: President & CEO Phone: (918) 573-2000 Email: alan.armstrong@williams.com Fax: (901) 761-1092 | Trade Payables | | | | $13,854,145 |
| 15 | ENTERPRISE CRUDE OIL LLC 1100 Louisiana St Houston, TX 77002 | Attn: Brent Secrest Title: EVP & Chief Commercial Officer Phone: (713) 381-6500 Email: | Trade Payables | Unliquidated | | | $6,469,804 |
| 16 | EAGLE FORD GATHERING LLC 1999 Bryan St. Ste. 900 Dallas, TX 75201 | Attn: Bruce Darter Title: VP Phone: (713) 369-8783 Email: bruce_darter@kindermorgan.com | Trade Payables | Unliquidated | | | $4,984,951 |
| 17 | HI-CRUSH PARTNERS LP 1330 Post Oak Blvd. Suite 600 Houston, TX 77056 | Attn: Phil McCormick Title: CFO Phone: (713) 980-6200 Email: pmccormick@hicrush.com | Trade Payables | | | | $4,071,065 |
| 18 | BAKER HUGHES A GE COMPANY LLC 17021 Aldine Westfield Rd Houston, TX 77073 | Attn: Lorenzo Simonelli Title: CEO Phone: (713) 439-8600 Email: Lorenzo.Simonelli@bakerhughes.com | Trade Payables | | | | $3,586,155 |
| 19 | SCHLUMBERGER TECHNOLOGY CORP 3600 Briarpark Drive Houston, TX 77042 | Attn: Olivier Le Peuch Title: CEO Phone: (281) 285-8500 Email: lepeuch1@slb.com | Trade Payables | | | | $2,630,025 |
| 20 | B&L PIPECO SERVICES INC 20465 Texas 249 Access Rd #200 Houston, TX 77070 | Attn: Steve Tait Title: CEO Phone: (281) 955-3500 Email: Steve.Tait@blpipeco.com | Trade Payables | | | | $2,354,421 |

Debtor __Chesapeake Energy Corporation et al.,__                                Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | PATTERSON-UTI DRILLING COMPANY LLC 10713 West Sam Houston Parkway North Suite 800 Houston, TX 77064 | Attn: Andrew Hendricks Title: CEO Phone: (281) 765-7100 Email: andy.hendricks@patenergy.com Fax: (281) 765-7175 | Trade Payables | | | | $2,282,158 |
| 22 | DNOW LP 7402 N. Eldridge Parkway Houston, TX 77041 | Attn: Richard Alario Title: CEO Phone: (281) 823-4700 Email: richard.alario@dnow.com Fax: (800) 228-2893 | Trade Payables | | | | $2,154,723 |
| 23 | MOMENTUM PRESSURE CONTROL LLC 199 Corporate Rd Longview, TX 75603 | Attn: Jody Kindred Title: President Phone: (903) 643-3700 Email: jody@axisenergyservices.com Fax: (903) 643-3101 | Trade Payables | | | | $1,644,392 |
| 24 | KUSTOM KONCEPTS INC 1351 N. Derrick Dr. Casper, WY 82604 | Attn: Cameron Wagner Title: President Phone: (307) 472-0818 Email: cameron@kustommfg.com Fax: (307) 472-0444 | Trade Payables | | | | $1,636,771 |
| 25 | U.S. BANK NATIONAL ASSOCIATION 8 Greenway Plaza, Suite 1100 Corporate Trust Services Houston , TX 77046 | Attn: Andrew Cecere Title: President & CEO Phone: (651) 466-3000 Email: Andrew.Cecere@usbank.com | 6.875% senior notes due 2025 | | | | $1,577,000 |
| 26 | SOUTH TEXAS FENCING & TRENCHING SERVICES 3248 W Highway 44 Alice, TX 78332 | Attn: Armando Benavides Title: CEO Phone: (972) 367-3533 Email: Benavides_armando@yahoo.com Fax: (361) 661-1724 | Trade Payables | | | | $1,503,625 |
| 27 | EAGLE FORD PIPELINE LLC 333 Clay Street Suite 1600 Houston, TX 77002 | Attn: Jeremy Goebel Title: EVP, Commercial Phone: (713) 646-4100 Email: jlgoebel@paalp.com | Trade Payables | Unliquidated | | | $1,500,891 |
| 28 | PINNERGY LTD 111 Congress Avenue Suite 2020 Austin, TX 78701 | Attn: Justin Taylor Title: CFO Phone: (512) 343-8880 Email: jtaylor@pinnergy.com Fax: (512) 343-8885 | Trade Payables | | | | $1,457,070 |
| 29 | TEXAS FUELING SERVICES INC 4220 Laura Koppe Houston, TX 77016-5029 | Attn: Mason Duncan Title: CEO Phone: (281) 443-2336 Email: mason.duncan@texasfueling.com Fax: (832) 203-5954 | Trade Payables | | | | $1,367,717 |
| 30 | TETRA TECHNOLOGIES 24955 Interstate 45 Nort The Woodlands, TX 77380 | Attn: Elijio V. Serrano Title: CFO Phone: (281) 367-1983 Email: eserrano@tetratec.com | Trade Payables | | | | $1,274,115 |
| 31 | COMPLETE ENERGY SERVICES 1001 Louisiana Street Suite 2900 Houston, TX 77002 | Attn: James Spexarth Title: CAO Phone: (713) 654-2200 Email: james.spexarth@superiorenergy.com Fax: (713) 654-2205 | Trade Payables | | | | $1,243,600 |
| 32 | FLYNN ENERGY TRANSPORT INC 342 East Macedonia Rd Towanda, PA 18848 | Attn: Bryon Musick Title: Controller Phone: (570) 265-1431 Email: controller@flynnenergy1.net Fax: (570) 265-1449 | Trade Payables | | | | $1,139,747 |
| 33 | PARK ENERGY SERVICES LLC 1015 North Broadway Avenue Suite 301 Oklahoma City, OK 73102 | Attn: John D. Seldenrust Title: CEO Phone: (405) 896-3169 Email: jseldenrust@parkenergyservices.com | Trade Payables | | | | $1,029,340 |
| 34 | SEABOARD INTERNATIONAL INC 13822 Furman Road Suite J Houston, TX 77047 | Attn: Terri Conner Title: Executive Assistant to President Phone: (713) 644-3535 Email: terri.conner@mail.weir | Trade Payables | | | | $1,001,502 |
| 35 | USA COMPRESSION PARTNERS LLC 111 Congress Avenue Suite 2400 Austin, TX 78701 | Attn: Jim Jones Title: VP Sales Phone: (412) 600-9026 Email: jjones@usacompression.com | Trade Payables | | | | $980,314 |

Debtor __Chesapeake Energy Corporation et al.,__                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 | HAMMER DOWN OILFIELD SERVICES LLC 16731 Huebner Rd. San Antonio, TX 78248 | Attn: Timothy Jimenez Title: Director Phone: (361) 433-8383 Email: tjimenez@hdoservices.com | Trade Payables | | | | $940,667 |
| 37 | ROLFSON OIL LLC 2414 Schilke Dr Watford City, ND 58854 | Attn: Jason Burger Title: Owner Phone: (954) 410-3235 Email: jburger@rolfsonoil.com | Trade Payables | | | | $940,617 |
| 38 | NEWPARK FLUIDS SYSTEMS 21920 Merchants Way Katy, TX 77449 | Attn: Gregg Piontek Title: CFO Phone: (281) 754-8600 Email: greggpiontek@newpark.com | Trade Payables | | | | $903,166 |
| 39 | CHIEF OIL & GAS LLC 8111 Westchester Drive Suite 900 Dallas, TX 75225 | Attn: John Hinton Title: CFO Phone: (214) 265-9590 Email: jhinton@chiefog.com | JIB Payables | | | | $882,630 |
| 40 | CACTUS WELLHEAD LLC 920 Memorial City Way Suite 300 Houston, TX 77024 | Attn: Scott Bender Title: CEO Phone: (713) 626-8800 Email: scott.bender@cactuswellhead.com | Trade Payables | | | | $858,654 |
| 41 | KEY ENERGY SERVICES LLC 1301 McKinney Ste 1800 Houston, TX 77010 | Attn: Rob Saltiel Title: CEO Phone: (713) 651-4300 Email: rsaltiel@keyenergy.com | Trade Payables | | | | $791,665 |
| 42 | ENERSTAR RENTALS AND SERVICES LTD 3377 South Main Street Monahans, TX 79756 | Attn: Bill Blair Title: Vice President – Operations Phone: (570) 279-1589 Email: Bill.Blair@enerstarrentals.com | Trade Payables | | | | $785,162 |
| 43 | SUSQUEHANNA GAS FIELD SERVICES LLC 131 Frantz Road, Box 127 Meshoppen, PA 18630 | Attn: Bill Ruark Title: Owner Phone: (570) 499-0139 Email: billr@meshoppenstone.com | Trade Payables | | | | $778,396 |
| 44 | VALVEWORKS USA INC 1650 Swan Lake Road Bossier City, LA 71111 | Attn: Rick Roberts Title: President Phone: (318) 425-0266 Email: rick.roberts@vwusa.us Fax: (318) 425-0934 | Trade Payables | | | | $776,289 |
| 45 | CONTROL TECH USA LTD 22025 Route 14 Troy, PA 16947-8790 | Attn: Blair Alfred Title: CTUSA Operations VP Phone: (570) 529-6011 Email: balfred@controltechgp.com | Trade Payables | | | | $757,938 |
| 46 | THRU TUBING SOLUTIONS INC 11515 S. Portland Ave. Oklahoma City, OK 73170 | Attn: Roger Schultz Title: Vice President Phone: (405) 692-1900 Email: Rschultz@thrutubing.com | Trade Payables | | | | $745,482 |
| 47 | TOTAL E&P USA INC 1201 Louisiana Street Suite 1800 Houston, TX 77002 | Attn: Jean-Pierre Sbraire Title: CFO Phone: (713) 483-5000 Email: jean-pierre.sbraire@total.com Fax: (713) 647-3003 | Trade Payables | Disputed & Unliquidated | | | Undetermined |
| 48 | GLASS MOUNTAIN PIPELINE LLC 2626 Cole Ave Suite 900 Dallas, TX 75204 | Attn: Matt Vining Title: CEO Phone: 214-880-6000 Email: mvining@nesmidstream.com Fax: (405) 606-4534 | Litigation | Disputed & Unliquidated | | | Undetermined |
| 49 | DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD Dallas/Fort Worth International Airport Board P.O. Box 619428 DFW Airport, TX 75261-9428 | Attn: Jim Jackson Title: Project Manager – Gas & Development Phone: 972-973-4669 Email: jjackson@dfwairport.com Fax: (972) 973-4601 | Litigation | Disputed & Unliquidated | | | Undetermined |
| 50 | DIVERSIFIED GAS & OIL, PLC 414 Summers Street Charleston, WV 25301 | Attn: Laurie J. Knox Title: Human Resources Business Phone: (304) 353-5090 Email: lknox@dgoc.com Fax: (304) 343-1614 | Legacy Contractual Obligations | Disputed & Unliquidated | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION, | Case No. 20-_____(____) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| Chesapeake Energy Corporation | The Carlyle Group L.P. | 1001 Pennsylvania Avenue NW Washington, DC 20004-2505 | Common | 8.84% |
| Chesapeake Energy Corporation | The Vanguard Group | 100 Vanguard Boulevard Malvern, PA 19355-2331 | Common | 8.35% |
| Chesapeake Energy Corporation | Franklin Resources, Inc. | One Franklin Parkway San Mateo, CA 94403 | Common | 7.69% |
| Chesapeake Energy Corporation | State Street Corporation | Channel Center 1 Iron Street Boston, MA 02210 | Common | 5.36% |

---

[1]   This list reflects holders of five percent or more of Chesapeake Energy Corporation's common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of the 50 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Authorizing the Debtors to Redact Certain Personal Identification Information* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION, | ) |
| | ) Case No. 20-_____(___) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| N/A | N/A |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Chesapeake Energy Corporation |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration:  **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/28/2020** | ☒ /s/ Domenic J. Dell'Osso, Jr. |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Domenic J. Dell'Osso, Jr.** |
| | Printed name |
| | **Executive Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202                  Declaration Under Penalty of Perjury for Non-Individual Debtors

## CHESAPEAKE ENERGY CORPORATION

June 28, 2020

I, James R. Webb, Corporate Secretary of Chesapeake Energy Corporation, an Oklahoma corporation (the "**Company**"), do hereby certify the following:

1.  I am the duly qualified and appointed Corporate Secretary of the Company.

2.  Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "**Resolutions**") duly adopted by the board of directors of the Company on behalf of the Company and the direct and indirect subsidiaries identified on **Schedule 1** to **Exhibit A**, acting pursuant to the Company's bylaws (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "**Bylaws**").

3.  The Resolutions are not inconsistent with the Bylaws.

4.  The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

[Signature page follows]

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____
Name: James R. Webb
Title:   General Counsel and Corporate
Secretary

**EXHIBIT A**

# CHESAPEAKE ENERGY CORPORATION
### (an Oklahoma corporation)
### RESOLUTIONS OF THE
### BOARD OF DIRECTORS
### June 28, 2020

**WHEREAS**, a telephonic meeting (the "**Meeting**") of the Board of Directors (the "**Board**") of Chesapeake Energy Corporation, an Oklahoma corporation (the "**Company**"), on behalf of the Company and the direct and indirect subsidiaries identified on **Schedule 1** attached hereto (together with the Company, each, a "**Filing Entity**" and collectively, the "**Filing Entities**") was concluded on June 28, 2020;

**WHEREAS**, the Company has the authority as sole stockholder, directly or indirectly, of each Filing Entity to manage the business and affairs of each Filing Entity and to enter into the following resolutions on behalf of each Filing Entity;

**WHEREAS**, a requisite number of the members of the Board, constituting a quorum, participated throughout the Meeting. After it was confirmed that the Meeting was duly convened (and each member of the Board waived any notice requirements in connection therewith), those participating could hear each other and a quorum of the Board was in attendance, the Meeting was called to order;

**WHEREAS**, the Board reviewed and considered the materials presented by the Company's management (the "**Management**") and the financial and legal advisors of the Company (collectively, the "**Advisors**"), including, but not limited to, materials regarding the liabilities and liquidity situation of each Filing Entity, the strategic alternatives available to it, and the effect of the foregoing on each Filing Entity's business;

**WHEREAS**, the Board has had the opportunity to consult with the Management and the Advisors of the Company and fully consider each of the strategic alternatives available to each Filing Entity, and the effect of the foregoing on each Filing Entity's business;

**WHEREAS**, the Company has negotiated and entered into a restructuring support agreement, dated as of June 28, 2020, in the form or substantially in the form submitted to and approved by the Board on June 28, 2020 (the "**Restructuring Support Agreement**"), including, without limitation, those transactions set forth on the term sheet attached thereto (the "**Restructuring Transactions**"), which agreement contemplates a comprehensive restructuring of the Filing Entities' capital structure on the terms set forth therein;

**WHEREAS**, the Company and certain other commitment parties party thereto have entered into a binding Commitment Letter, dated as of June 28, 2020, (the "**Commitment Letter**") that contemplates (i) the entry into a new Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, by and among the Company, as borrower, the other Filing Parties, as guarantors, MUFG Union Bank, N.A., as administrative agent and collateral agent (the "**DIP Agent**"), and the lenders and the financial institutions and banks from time to time party thereto (the "**DIP Lenders**") (the "**DIP Credit Agreement**"), in form or substantially in the form thereof submitted to the Board, which agreement provides the Company with access to incremental liquidity and access to cash collateral, as that term is defined in section 363(a) of the Bankruptcy

Code (the "**Cash Collateral**") and which is attached as an exhibit to the Commitment Letter and (ii) the terms and conditions of an exit facility upon the emergence from the Chapter 11 Cases (as defined herein), (the "**Exit Financing**") as specified in the term sheet attached to the DIP Credit Agreement (the "**Exit Financing Term Sheet**");

WHEREAS, the Company has requested that the DIP Lenders provide a senior secured debtor in possession credit facility (the "**DIP Facility**") to the Company pursuant to the DIP Credit Agreement that is automatically convertible into the secured exit facilities described in the Exit Financing Term Sheet upon the satisfaction (or waiver) of certain conditions specified in the Exit Financing Term Sheet;

WHEREAS, the Filing Entities will obtain benefits from the DIP Credit Agreement and the use of collateral, including Cash Collateral, which is security for certain prepetition secured lenders (collectively, the "**Secured Lenders**"), certain of which are parties to the Restructuring Support Agreement;

WHEREAS, the obligations of the DIP Lenders to make the extensions of credit to the Company under the DIP Facility are subject to, among other things, the Company having entered into the Commitment Letter and entering into the DIP Credit Agreement with the DIP Agent and the DIP Lenders (the DIP Credit Agreement and the Commitment Letter, collectively, with any other documents and agreements related thereto or contemplated thereunder, including any documents, instruments, or certificates as may be reasonably required by the DIP Agent, the "**DIP Credit Agreement Documents**"), and otherwise satisfying certain conditions in connection therewith (the obligations thereunder, the "**DIP Obligations**");

WHEREAS, the Board deems it advisable and in the best interests of the Company, its creditors and other parties in interest that the Company enter into a certain credit agreement in accordance with the Exit Financing Term Sheet and in connection with emergence from the Chapter 11 Cases (the "**Exit Financing Credit Agreement**") and grant security interests and/or guarantees in relation thereto, whereby the DIP Credit Agreement and the DIP Facility thereto is automatically converted into the Exit Financing Credit Agreement and the Exit Financing thereto upon the satisfaction (or waiver) of certain conditions, for the purposes of providing ongoing financing to the Company;

WHEREAS, the Company and each of the Filing Entities, by entering into the Exit Financing, will receive direct and indirect benefits from the transactions contemplated by the Exit Financing Credit Agreement, the terms and conditions of which were negotiated in the Exit Financing Term Sheet and have been attached as an exhibit to the DIP Credit Agreement and previously reviewed by the Board and consequently, the Company and each of the Filing Entities desire to enter into (i) the Exit Financing Credit Agreement, (ii) any related documents, and (iii) to the extent the Company of any such Filing Entity is a party thereto, the Additional Credit Documents (as defined below) (collectively, the "**Exit Financing Credit Documents**") and the transactions contemplated thereby;

WHEREAS, the Company has negotiated and entered into a backstop commitment agreement, dated on or about the date hereof, in the form or substantially in the form submitted to the Board (the "**Backstop Commitment Agreement**"), which authorizes the Company to issue new common stock pursuant to the terms set forth therein;

2

**WHEREAS**, after careful consideration the Board has determined that the Company's entry into the DIP Credit Agreement Documents, the Exit Financing Credit Documents and the Backstop Commitment Agreement is advisable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest; and

**WHEREAS**, following discussion, upon a motion duly made and seconded, the members of the Board at the Meeting (acting on behalf of the Company, in its own capacity) unanimously adopted and approved the following recitals and/or resolutions (the "**Resolutions**") pursuant to the organizational documents of the Company and the laws of the state of Oklahoma.

## Chapter 11 Filing

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest, that each Filing Entity shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petitions, collectively, the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**FURTHER RESOLVED**, that the President and Chief Executive Officer, Chief Financial Officer, Chief Accounting Officer, General Counsel, any Executive Vice President, any Senior Vice President, any Vice President, any Corporate Secretary, any other duly appointed officer, or any managing member or general partner, as applicable, of any Filing Entity (collectively, the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to take any and all action that they deem necessary, appropriate, desirable, or proper to obtain such relief, including, without limitation, any action necessary, appropriate, desirable, or proper to maintain the ordinary course operation of the Filing Entities' business, and including the performance or consummation of any of the Restructuring Transactions;

## Debtor-In-Possession Financing, Cash Collateral and Adequate Protection

**FURTHER RESOLVED**, that the Filing Entities will obtain benefits from the use of the Cash Collateral, and that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain adequate protection to the Secured Lenders (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (the "**Interim DIP Order**") and final order (the "**Final DIP Order**" and together with the Interim DIP Order, the "**DIP Orders**") and submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest, to enter into the DIP Credit Agreement, in form or substantially in the form thereof submitted to the Board;

3

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement, and the form, terms, and provisions of the other DIP Credit Agreement Documents be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Officers acting alone and without the joinder of any other Authorized Officer, is authorized, empowered and directed to take, from time to time in the name of and on behalf of any Filing Entity such actions necessary to negotiate the form, terms and provisions of, and to execute and deliver or cause to be delivered, and to cause the performance of, any swap agreement, and any other commodity, interest rate, foreign exchange or currency exchange agreement, or other hedging agreement or arrangement, and any and all transactions of any kind, and the related confirmations, which are subject to the terms and conditions of, or governed by, any form of master agreement published by the International Swaps and Derivatives Association, Inc., any International Foreign Exchange Master Agreement or any other master agreement, in each case, as such Authorized Officer executing the same shall approve or deem necessary, appropriate, or advisable to carry out the terms, intent and purposes of the DIP Credit Agreement pursuant to the provisions of the DIP Orders, the execution and delivery thereof by such Authorized Officer to be deemed conclusive evidence of the approval and ratification thereof by such Authorized Officer or that such Authorized Officer deemed such standard to be met;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders, and such other agreements, certificates, applications, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which the Filing Entities are or will be a party, including, but not limited to, any term sheet, fee letter, credit agreement, security, and pledge agreement, or guaranty agreement (collectively with the DIP Orders and the DIP Credit Agreement Documents, the "**DIP Documents**"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**FURTHER RESOLVED**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (together, with the transactions contemplated by the

4

Adequate Protection Documents (as such term is defined below), collectively, the "**DIP Transactions**");

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, appropriate, or proper and execute the DIP Transactions, including delivery of: (a) the DIP Documents; (b) merchant card services, purchase or debit cards, including non-card e-payables services; (c) any other demand deposit or operating account relationships or other cash management services; (d) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the respective agents of the DIP Documents (collectively, the "**Agents**"); and (e) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtors and debtors in possession, to file or to authorize the Agents to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Filing Entities that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtors and debtors in possession, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing Resolutions;

**Backstop Commitment Agreement**

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest, to enter into the Backstop Commitment Agreement and that the Filing Entities' performance of their obligations under the Backstop Commitment Agreement, and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects, authorized, and approved;

5

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to take all actions necessary to enter into the Backstop Commitment Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto;

<u>**Exit Financing**</u>

**RESOLVED**, that the execution and delivery of the Exit Financing Credit Documents (and the incurrence of the obligations thereunder) by the Company and each Filing Entity, as applicable, in the form substantially consistent with the Exit Financing Term Sheet previously submitted to the Board, and the consummation of the transactions contemplated thereunder, including (i) the execution, delivery and performance of all other agreements, instruments, documents, notices, or certificates constituting exhibits to or that may be required, necessary, appropriate, desirable, or advisable to be executed and delivered pursuant to the Exit Financing Credit Documents or otherwise permitted thereunder or related thereto, including interest rate, currency, or commodity hedging arrangements (each, an "**Additional Credit Document**" and collectively, the "**Additional Credit Documents**"), (ii) any granting of security interests and/or guarantees in relation thereto, and (iii) the making of representations and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved, and that each of the Authorized Officers of each Filing Entity, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, severally authorized, empowered, and directed in the name of, and on behalf of, such Filing Entity, to execute and deliver each Exit Financing Credit Document to which such Filing Entity is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable, or desirable, the execution and delivery of such Exit Financing Credit Documents and with any changes thereto by any such Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard;

**RESOLVED**, that, as used herein, the term "Additional Credit Documents" shall include, but not be limited to any intercreditor agreements and all other documents, certificates, or agreements necessary, proper, or advisable to consummate the transactions contemplated by the Exit Financing Credit Documents, including, without limitation, any note, fee letter, guarantee agreement, security agreement, mortgage, pledge, intellectual property security interest agreement, intellectual property security agreement, or other documentation similar to any of the foregoing;

**RESOLVED**, that each of the Authorized Officers of each Filing Entity, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, severally authorized in the name of, and on behalf of, such Filing Entity, to take all actions including, without limitation, (i) the negotiation, execution, delivery, and filing of any agreements, certificates, instruments, or documents (including mortgages, financing statements, and similar documents), (ii) the modification, restatement, or amendment of any of the terms and conditions of any Exit Financing Credit Document, (iii) the payment of any consideration, and (iv) the payment of indemnitees, fees, costs, expenses, and taxes as any such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard) in order to effect the transactions contemplated under any Exit Financing Credit Document.

6

**Retention of Professionals**

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ the law firms of Kirkland & Ellis LLP, as general bankruptcy counsel, and Jackson Walker LLP, as local bankruptcy counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kirkland & Ellis LLP and Jackson Walker LLP;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ the firms of Rothschild & Co and Intrepid Financial Partners, as financial advisors and investment bankers, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Rothschild & Co and Intrepid Financial Partners;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ the firm of Alvarez & Marsal North America, LLC, as restructuring advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ the firm of Epiq Corporate Restructuring, LLC as notice, claims, and balloting agent to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Epiq Corporate Restructuring, LLC;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ the firm of Ernst & Young LLP as tax advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in

connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ the firm of Wachtell, Lipton, Rosen & Katz as counsel to the Board, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Wachtell, Lipton, Rosen & Katz;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to employ any other professionals to assist the Filing Entities in carrying out their duties under the Bankruptcy Code and in their performance of any of the Restructuring Transactions or the DIP Transactions, and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Filing Entities' Chapter 11 Cases, with a view to the successful prosecution of such cases;

**General Resolutions**

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, desirable, or proper in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein, including the consummation of the Restructuring Transactions and the DIP Transactions;

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, including the Restructuring Transactions and the DIP Transactions, as may be required by the organizational documents of any Filing Entity, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Filing Entities, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Filing Entities with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Filing Entities with respect to the transactions contemplated by these Resolutions hereunder as such Authorized Officer shall deem necessary, appropriate, desirable, or proper in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, desirable, or proper to effectuate the purposes of the transactions contemplated herein.

## Schedule 1

### Filing Subsidiaries of Chesapeake Energy Corporation

| Subsidiary | Jurisdiction of Formation |
| --- | --- |
| Brazos Valley Longhorn, L.L.C. | Delaware (U.S.) |
| Brazos Valley Longhorn Finance Corp. | Delaware (U.S.) |
| Burleson Sand LLC | Delaware (U.S.) |
| Burleson Water Resources, LLC | Texas (U.S.) |
| Chesapeake AEZ Exploration, L.L.C. | Oklahoma (U.S.) |
| Chesapeake Appalachia, L.L.C. | Oklahoma (U.S.) |
| Chesapeake-Clements Acquisition, L.L.C. | Oklahoma (U.S.) |
| Chesapeake E&P Holding, L.L.C. | Oklahoma (U.S.) |
| Chesapeake Energy Louisiana, LLC | Oklahoma (U.S.) |
| Chesapeake Energy Marketing, L.L.C. | Oklahoma (U.S.) |
| Chesapeake Exploration, L.L.C. | Oklahoma (U.S.) |
| Chesapeake Land Development Company, L.L.C. | Oklahoma (U.S.) |
| Chesapeake Louisiana, L.P. | Oklahoma (U.S.) |
| Chesapeake Midstream Development, L.L.C. | Oklahoma (U.S.) |
| Chesapeake NG Ventures Corporation | Oklahoma (U.S.) |
| Chesapeake Operating, L.L.C. | Oklahoma (U.S.) |
| Chesapeake Plains, LLC | Oklahoma (U.S.) |
| Chesapeake Royalty, L.L.C. | Oklahoma (U.S.) |
| Chesapeake VRT, L.L.C. | Oklahoma (U.S.) |
| CHK Energy Holdings, Inc. | Texas (U.S.) |
| CHK NGV Leasing Company, L.L.C. | Oklahoma (U.S.) |
| CHK Utica, L.L.C. | Delaware (U.S.) |
| Compass Manufacturing, L.L.C. | Oklahoma (U.S.) |
| EMLP, L.L.C. | Oklahoma (U.S.) |
| Empress, L.L.C. | Oklahoma (U.S.) |
| Empress Louisiana Properties, L.P. | Texas (U.S.) |
| Esquisto Resources II, LLC | Texas (U.S.) |
| GSF, L.L.C. | Oklahoma (U.S.) |
| MC Louisiana Minerals, L.L.C. | Oklahoma (U.S.) |
| MC Mineral Company, L.L.C. | Oklahoma (U.S.) |
| MidCon Compression, L.L.C. | Oklahoma (U.S.) |
| Nomac Services, L.L.C. | Oklahoma (U.S.) |
| Northern Michigan Exploration Company, L.L.C. | Michigan (U.S.) |
| Petromax E&P Burleson, LLC | Texas (U.S.) |
| Sparks Drive SWD, Inc. | Delaware (U.S.) |
| WHE AcqCo., LLC | Delaware (U.S.) |
| WHR Eagle Ford LLC | Delaware (U.S.) |
| WildHorse Resources II, LLC | Delaware (U.S.) |
| WildHorse Resources Management Company, LLC | Delaware (U.S.) |
| Winter Moon Energy Corporation | Oklahoma (U.S.) |

## **PROOF OF SERVICE**

I hereby certify that I am this day serving the foregoing NOTICE OF

SUGGESTION OF PENDENCY OF BANKRUPTCY FOR CHESAPEAKE

ENERGY CORPORATION, ET AL., AND AUTOMATIC STAY OF THESE

PROCEEDINGS upon the persons and in the manner indicated below, which

service satisfies the requirements of Pa.R.A.P. 121:

Service via PACFile:

Joseph S. Betsko, Esquire
Howard G. Hopkirk, Esquire
Norman A. Marden, Esquire
Tracy W. Wertz, Esquire
Office of the Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA  17120

*Counsel for Appellee Commonwealth of Pennsylvania*

Stephen A. Cozen, Esquire
Jared D. Bayer, Esquire
Milton A. Marquis, Esquire
Ann-Marie Luciano, Esquire
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103

*Counsel for Appellants, Anadarko Petroleum Corporation and Anadarko E&P*
*Onshore LLC, in consolidated action docketed at 81 MAP 2019*

Date:   June 29, 2020                    /s/ Daniel T. Brier
                                          Daniel T. Brier

Received 6/29/2020 3:15:48 PM Supreme Court Middle District

Filed 6/29/2020 3:15:00 PM Supreme Court Middle District
82 MAP 2019

# IN THE SUPREME COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania

v.

Chesapeake Energy Corporation; Chesapeake
Appalachia, L.L.C.; Chesapeake Operating, L.L.C.;
Chesapeake Energy Marketing, L.L.C.; Anadarko
Petroleum Corporation; and Anadarko E&P Onshore,
L.L.C.

Appeal of: Chesapeake Energy Corporation;
Chesapeake Appalachia, L.L.C.; Chesapeake
Operating, L.L.C.; Chesapeake Energy Marketing,
L.L.C.

:           82 MAP 2019
:
:

## <u>PROOF OF SERVICE</u>

I hereby certify that this 29th day of June, 2020, I have served the attached document(s) to the persons on the date(s)

and in the manner(s) stated below, which service satisfies the requirements of Pa.R.A.P. 121:

# IN THE SUPREME COURT OF PENNSYLVANIA

## <u>PROOF OF SERVICE</u>

*(Continued)*

**Service**

| | |
|---|---|
| Served: | Howard Greeley Hopkirk |
| Service Method: | Email |
| Email: | hhopkirk@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 717-783-1478 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Howard Greeley Hopkirk |
| Service Method: | eService |
| Email: | hhopkirk@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | Office of Attorney General, Appellate Section |
| | 15th Floor Strawberry Square |
| | Harrisburg, PA 17120 |
| Phone: | 717--78-3-1478 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Jared Dimock Bayer |
| Service Method: | Email |
| Email: | jbayer@cozen.com |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 215-701-2000 |
| Representing: | Appellee   Anadarko E&P Onshore, L.L.C. |
| | Appellee   Anadarko Petroleum Corporation |

| | |
|---|---|
| Served: | Jared Dimock Bayer |
| Service Method: | eService |
| Email: | jbayer@cozen.com |
| Service Date: | 6/29/2020 |
| Address: | One Liberty Place |
| | 1650 Market Street |
| | Philadelphia, PA 19103 |
| Phone: | 215-665-4127 |
| Representing: | Appellee   Anadarko E&P Onshore, L.L.C. |
| | Appellee   Anadarko Petroleum Corporation |

# IN THE SUPREME COURT OF PENNSYLVANIA

## <u>PROOF OF SERVICE</u>

*(Continued)*

| | |
|---|---|
| Served: | Joseph Stephen Betsko |
| Service Method: | Email |
| Email: | jbetsko@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 717-787-4530 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Joseph Stephen Betsko |
| Service Method: | eService |
| Email: | jbetsko@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | 742 Middle Ln |
| | Camp Hill, PA 17011 |
| Phone: | 717--78-7-4530 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Joshua D. Shapiro |
| Service Method: | Email |
| Email: | josh@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 717-705-3833 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Joshua D. Shapiro |
| Service Method: | eService |
| Email: | lsnyder@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | 1600 Strawberry Square |
| | Harrisburg, PA 17120 |
| Phone: | 717--78-7-3391 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Norman Wesley Marden |
| Service Method: | eService |
| Email: | nmarden@ptd.net |
| Service Date: | 6/29/2020 |
| Address: | 60 Amity Rd |
| | Duncannon, PA 17020 |
| Phone: | 717--49-7-7226 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

# IN THE SUPREME COURT OF PENNSYLVANIA

## <u>PROOF OF SERVICE</u>

*(Continued)*

| | |
|---|---|
| Served: | Stephen A. Cozen |
| Service Method: | Email |
| Email: | scozen@cozen.com |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 215-665-2020 |
| Representing: | Appellee   Anadarko E&P Onshore, L.L.C. |
| | Appellee   Anadarko Petroleum Corporation |

| | |
|---|---|
| Served: | Stephen A. Cozen |
| Service Method: | eService |
| Email: | scozen@cozen.com |
| Service Date: | 6/29/2020 |
| Address: | 1650 Market Street |
| | 28th Floor |
| | Philadelphia, PA 19103 |
| Phone: | 215--66-5-2020 |
| Representing: | Appellee   Anadarko E&P Onshore, L.L.C. |
| | Appellee   Anadarko Petroleum Corporation |

| | |
|---|---|
| Served: | Tracy Wright Wertz |
| Service Method: | Email |
| Email: | twertz@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 717-787-4350 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

| | |
|---|---|
| Served: | Tracy Wright Wertz |
| Service Method: | eService |
| Email: | twertz@attorneygeneral.gov |
| Service Date: | 6/29/2020 |
| Address: | PA Attorney General Antitrust |
| | 14th Floor Strawberry Square |
| | Harrisburg, PA 17120-0001 |
| Phone: | 717--78-7-4530 |
| Representing: | Appellee   Commonwealth of Pennsylvania |

# IN THE SUPREME COURT OF PENNSYLVANIA

## PROOF OF SERVICE

*(Continued)*

**Courtesy Copy**

| | |
|---|---|
| Served: | Christopher H. Casey |
| Service Method: | Email |
| Email: | chcasey@duanemorris.com |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 215-979-1155 |
| Representing: | Amicus Curiae   Chamber of Commerce of the USA, PA Chamber of Business & Industry, National Asso |

| | |
|---|---|
| Served: | Christopher H. Casey |
| Service Method: | eService |
| Email: | christopher.casey@usdoj.gov |
| Service Date: | 6/29/2020 |
| Address: | Duane Morris LLP |
| | 30 South 17th Street |
| | Philadelphia, PA 19103 |
| Phone: | 215--97-9-1155 |
| Representing: | Amicus Curiae   Chamber of Commerce of the USA, PA Chamber of Business & Industry, National Asso |

| | |
|---|---|
| Served: | George A. Bibikos |
| Service Method: | Email |
| Email: | gbibikos@gabibikos.com |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 717-580-5305 |
| Representing: | Amicus Curiae   Insurance Federation of Pennsylvania |
| | Amicus Curiae   National Federation of Independent Business |
| | Amicus Curiae   Pennsylvania Bankers Association |
| | Amicus Curiae   Pennsylvania Coalition for Civil Justice Reform |

# IN THE SUPREME COURT OF PENNSYLVANIA

## <u>PROOF OF SERVICE</u>

*(Continued)*

| | |
|---|---|
| Served: | George A. Bibikos |
| Service Method: | eService |
| Email: | gbibikos@gabibikos.com |
| Service Date: | 6/29/2020 |
| Address: | GA BIBIKOS LLC |
| | 5901 Jonestown Rd. #6330 |
| | Harrisburg, PA 17112 |
| Phone: | 717--58-0-5305 |
| Representing: | Amicus Curiae   Insurance Federation of Pennsylvania |
| | Amicus Curiae   National Federation of Independent Business |
| | Amicus Curiae   Pennsylvania Bankers Association |
| | Amicus Curiae   Pennsylvania Coalition for Civil Justice Reform |

| | |
|---|---|
| Served: | Kevin Jon Moody |
| Service Method: | Email |
| Email: | kevin@pioga.org |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 717-234-8525 |
| Representing: | Amicus Curiae   Marcellus Shale Coalition, Pa. Independent Oil & Gas Association, American Petroleum |

| | |
|---|---|
| Served: | Kevin Jon Moody |
| Service Method: | eService |
| Email: | kevin@pioga.org |
| Service Date: | 6/29/2020 |
| Address: | 212 Locust Street |
| | Suite 300 |
| | Harrisburg, PA 17101-1510 |
| Phone: | 717--23-4-8525 |
| Representing: | Amicus Curiae   Marcellus Shale Coalition, Pa. Independent Oil & Gas Association, American Petroleum |

| | |
|---|---|
| Served: | Leah Ariel Mintz |
| Service Method: | Email |
| Email: | lmintz@duanemorris.com |
| Service Date: | 6/29/2020 |
| Address: | |
| Phone: | 215-979-1263 |
| Representing: | Amicus Curiae   Chamber of Commerce of the USA, PA Chamber of Business & Industry, National Asso |

# IN THE SUPREME COURT OF PENNSYLVANIA

## PROOF OF SERVICE

*(Continued)*

Served:              Leah Ariel Mintz
Service Method:      eService
Email:               LMintz@duanemorris.com
Service Date:        6/29/2020
Address:             30 South 17th Street
                     Philadelphia, PA 19103
Phone:               215--97-9-1263
Representing:        Amicus Curiae   Chamber of Commerce of the USA, PA Chamber of Business & Industry, National Asso

Served:              Robert L. Byer
Service Method:      Email
Email:               rlbyer@duanemorris.com
Service Date:        6/29/2020
Address:
Phone:               --
Representing:        Amicus Curiae   Chamber of Commerce of the USA, PA Chamber of Business & Industry, National Asso

Served:              Robert L. Byer
Service Method:      eService
Email:               rlbyer@duanemorris.com
Service Date:        6/29/2020
Address:             Duane Morris LLP
                     600 Grant St., Ste. 5010
                     Pittsburgh, PA 15219
Phone:               412-.49-7.1083
Representing:        Amicus Curiae   Chamber of Commerce of the USA, PA Chamber of Business & Industry, National Asso

Served:              Terry Robert Bossert
Service Method:      Email
Email:               tbossert@marcelluscoalition.org
Service Date:        6/29/2020
Address:
Phone:               717-603-0714
Representing:        Amicus Curiae   Marcellus Shale Coalition, Pa. Independent Oil & Gas Association, American Petroleum

# IN THE SUPREME COURT OF PENNSYLVANIA

## PROOF OF SERVICE

*(Continued)*

| | |
|---|---|
| Served: | Terry Robert Bossert |
| Service Method: | eService |
| Email: | tbossert@marcelluscoalition.org |
| Service Date: | 6/29/2020 |
| Address: | 300 North Second St. |
| | Suite 1101 |
| | Harrisburg, PA 17101 |
| Phone: | 717--60-3-0714 |
| Representing: | Amicus Curiae   Marcellus Shale Coalition, Pa. Independent Oil & Gas Association, American Petroleum |

_____/s/  Daniel Thomas Brier_____

*(Signature of Person Serving)*

| | |
|---|---|
| Person Serving: | Brier, Daniel Thomas |
| Attorney Registration No: | 053248 |
| Law Firm: | Myers, Brier & Kelly, L.L.P. |
| Address: | 425 Spruce St Ste 200 |
| | Scranton, PA 18503 |
| Representing: | Appellant   Chesapeake Appalachia, L.L.C |
| | Appellant   Chesapeake Energy Corporation |
| | Appellant   Chesapeake Energy Marketing, L.L.C. |
| | Appellant   Chesapeake Operating, L.L.C. |