IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § § § | Case No. 20-33233 (DRJ) |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | § § | Chapter 11 Case |
| Debtors. | § § § § | (Jointly Administered) |

**THE DELASANDROS' (I) LIMITED OBJECTION TO DEBTORS' PROPOSED STIPULATION AND AGREED ORDER BY THE DEBTORS GRANTING RELIEF FROM THE AUTOMATIC STAY, AND (II) REQUEST FOR HEARING**
(Related to Docket No. 1057)

Stefanie and Timothy Delasandro (collectively, the "***Delasandros***") hereby submit their limited objection (the "***Limited Objection***") to the *Debtors' Proposed Stipulation and Agreed Order Granting Relief from the Automatic Stay, and (Request for Hearing* (the "***Proposed Stipulation***"). In support of their Limited Objection, the Delasandros states as follows:

**SUMMARY OF LIMITED OBJECTION**

1. The Delasandros object to the Debtors' Proposed Stipulation to the extent it seeks to provide the Debtors relief from the stay, while simultaneously prohibiting the Delasandros from exercising their rights with respect to the RRC Proceeding (defined below), including their objection to any ruling made in the RRC Prceeding, their appeal rights, and their right to pursue their trespass-to-try-title claims relating to their property made the subject of the RRC Proceeding. The Proposed Stipulation should either be denied or modified and the stay lifted under the terms below:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

a. The automatic stay as to the Delasandros' Complaint currently pending before the Texas Railroad Commission (the "*RRC*") should be lifted for all purposes, including, but not limited to, permitting both Chesapeake and the Delasandros to assert any objections or exceptions to any ruling in the RRC Proceeding, and/or appeals from the final order of the the RRC Commissioners;

b. To the extent the Chesapeake's Motion to Dismiss is denied, the automatic stay should be lifted so the parties may pursue all relief through trial and any resulting appeal, if any;

c. Whether or not the Delasandros' Complaint before the RRC is denied or granted, the automatic stay should be lifted so the Delasandros may pursue their trespass-to-try-title claims with respect to their 28.39 acres that is the subject of the RRC Proceeding. In such a proceeding Chesapeake would be a necessary third party. Under such trespass-to-try-title action, the Delasandros would not assert any claims for damages against Chesapeake without further order from this Court while Chesapeake's bankruptcy cases remain pending.

2. The Delasandros further object to the Debtors' Proposed Stipulation as it is presented as an agreed order, presumptively agreed to by the parties to the dispute. That is not the case. As evidenced by the signature page, the only parties that signed off on the Proposed Stipulation were the Debtors and *their* state court counsel. [Dkt 1057, p. 5].[2] Further, there was no conference with either the undersigned or the Delasandros' counsel of record in the RRC Proceeding before the Proposed Stipulation was filed.

---

[2] The Debtors contend that the Official Committee for Unsecured Creditors (the "*Committee*") agreed to the relief. However, it is unclear why that is relevant to the relief requested or what interest the Committee may have in a dispute involving a land and royalty / working interest owner. The Royalty Owners Committee is the only committee in this case who may have an interest in the relief sought by Debtors and the Delasandros.

Interestingly, when the Proposed Stipulation was filed, the Debtors also filed another stipulation involving CNOON Energy U.S.A. LLC f/k/a OOGC America LLC. [Dkt No. 1058]. The docket entry for the proposed CNOON Energy stipulation prominently features the parties involved in that stipulation. The docket entry for the Proposed Stipulation purporting to affect the Delasandros lists only the Debtors and "Certain of its Subsidiaries and Affiliates." Without opening and reading the Proposed Stipulation, it is not possible from the docket entry to determine who the Proposed Stipulation purports to involve.

**RELEVANT FACTS**

**The Complaint and the RRC Proceeding.**

3. The Delasandros' Complaint before the Railroad Commission (the "***RRC Proceeding***") relates to certain alleged violations of Rule 37 by Chesapeake Operating, LLC ("***Chesapeake***") in connection with the College Station A-2H Well located in Brazos County, Texas (the "***Well***") that was drilled on property adjacent to the Delasandros' 28.39 acres in Brazos County, Texas where the Delasandros reside. The lateral of the Well runs horizontally under the Delasandros' property and directly below the Delasandros' home. The Delasandros assert that the Well impermissibly violates the RRC's Rule 37 leaseline spacing rules.

4. On April 13, 2020, Chesapeake filed a Motion to Dismiss in the RRC Proceeding and the Delasandros responded to same disputing the relief sought by Chesapeake. The hearing on the Motion to Dismiss was heard on April 24, 2020. As of the Debtors' bankruptcy filing, the RRC Proceeding remained pending and the Motion to Dismiss had not yet been ruled upon.

5. If the Delasandros are successful in the RRC Proceeding, Chesapeake's permit may be cancelled and the Well may be ordered to be plugged. The threshold issue in the Railroad Commission proceeding was whether the Delasandros were an "affected party" for purposes of standing to assert a Rule 37 complaint against Chesapeake. The Delasandros assert they are an "affected party" with standing to assert the Rule 37 complaint because they were an unleased, undivided mineral interest owner in the property. After previously admitting the Delasandros were unleased, undivided mineral owners on the 28.39 acres in order to get its permit, Chesapeake reversed course and argued in its Motion to Dismiss that the Delasandros are not "affected parties."

6. In the hearing on the Motion to Dismiss, the presiding Administrative Law Judge noted that there was a possibility she may determine that the title dispute about mineral ownership

3

may have to be determined first before the RRC Proceeding could go forward. If that were the case, the Complaint would be dismissed without prejudice.

7. If the Administrative Law Judge rules in favor of Chesapeake's Motion to Dismiss, she will issue a proposal for decision. Each side would then have a right to file exceptions (i.e., objections) to the proposal for decision. After ruling on those exceptions, the Administrative Law Judge would file a proposal for decision for the three elected Railroad Commissioners to either adopt or deny. After the three elected Railroad Commissioners rule, the parties would then have appeal rights by way of seeking review in a Travis County district court.

8. If the RRC Proceeding is dismissed without prejudice, and the Railroad Commissioners adopt that decision, and the Delasandros elect to pursue their trespass-to-try-title claims, the Delasandros will need to file a trespass-to-try-title action to recover clear title to the surface and an undivided, unsevered mineral interest in and under their property. In that trespass-to-try-title suit, Chesapeake would be a necessary third party as Chesapeake claims to have leases with alleged mineral owners on the Delasandros' property who will also be parties to the lawsuit.

**Why is Chesapeake Seeking Relief from the Stay Now?**

9. On July 10, 2020—12 days after Chesapeake filed this bankruptcy—Chesapeake filed its *Notice of Suggestion of Pendency of Bankruptcy* for Chesapeake and its subsidiaries, including Chesapeake Operating, LLC in the RRC Proceeding. On July 29, 2020, the presiding Administrative Law Judge sent a letter to counsel for Chesapeake and the Delasandros explaining the RRC's concern that cases not remain open indefinitely on the RRC's docket. She further inquired whether the parties believed that the automatic stay would preclude the RRC "from issuing an order in Chesapeake's favor". *See* **Exhibit 1**. Counsel for both parties responded separately that they believed the stay should remain in place pending the outcome of this Court's

ruling on any motion for relief from stay that may be filed by Chesapeake. *See* **Exhibits 2** and **3**. Chesapeake stated in its response to the Administrative Law Judge that it would file a motion for relief from stay with the Bankruptcy Court. Instead, Chesapeake now purports to file the Proposed Stipulation as an agreed order, but without the agreement of the Delasandros. *See* Docket No. 1057. Further, the Proposed Stipulation only seeks relief to allow the RRC to "act on the Motion to Dismiss" and no other action, including the exercise of the parties' objection and appeal rights.[3]

## LIMITED OBJECTION

10. The Delasandro object to the entry of the Proposed Stipulation in its current form.

11. Chesapeake should not be permitted to wield the automatic stay as a sword to its benefit while simultaneously hiding behind it to shield them from the Delasandros' rights in the same proceeding. *See Sternberg v. Johnston*, 582 F.3d 1114, 1124 (9th Cir. 2009) (finding that the "stay is a shield, not a sword").

12. The Proposed Stipulation harms the Delasandros as it allow Chesapeake to lift the stay to its benefit while enforcing the stay to prevent the Delasandros from exercising their rights to object to the proposal for decision, present objections to the Commissioners, and to appeal the decision by seeking review Travis County district court and potential further appellate court review as part of the recognized administrative law process.

13. Further, the Proposed Stipulation fails to account for a potential dismissal order without prejudice which would enable the Delasandros to pursue their trespass-to-try-title claims and then re-file their Rule 37 Complaint relating to the Well. The trespass-to-try-title lawsuit would not impact this Chapter 11 bankruptcy because it would have little to no impact the

---

[3] The Delasandros are further concerned that the Debtors may be using the Proposed Stipulation as a mechanism to resolve the RRC Proceeding and then dispose of the Well without further filings in this Court pursuant to the *Order to Approve Procedures for De Minimis Asset Transactions*. [Dkt No. 715].

bankruptcy estate nor would it negatively impact Chesapeake's ability to proceed through the reorganization process. If the Proposed Stipulation is entered, the Delasandros would be greatly prejudice because they would lose out on their ability to timely challenge any adverse order on their pending Complaint before the RRC.

## REQUESTS FOR HEARING

14. The Delasandros hereby request that the Court either set the Proposed Stipulation and this Limited Objection for hearing or deny entry of the Proposed Stipulation.

## RESERVATION OF RIGHTS

15. This Limited Objection is without prejudice to, and the Delasandros hereby fully reserve, their right to raise additional arguments in respect to the Proposed Stipulation.

## CONCLUSION

Stefanie and Timothy Delasandro respectfully request that the Court enter an order (i) denying the Proposed Stipulation and (ii) granting the Delasandros such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Simon R. Mayer*
Simon R. Mayer
Texas Bar Number 24060243
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: simon.mayer@lockelord.com

**COUNSEL FOR
STEPHANIE DELASANDRO AND
TIMOTHY DELASANDRO**

**Certificate of Service**

      I certify that on September 2, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on the parties registered for such service.

                                                    */s/ Simon R. Mayer*
                                                    Simon R. Mayer