Lynnette R. Warman (SBN 20867940)
**Culhane Meadows PLLC**
100 Crescent Ct., Suite 700
Dallas, Texas 75201
Email:  lwarman@cm.law
Telephone: (214) 693-6525

*COUNSEL FOR STEFANIE DELASANDRO AND TIMOTHY DELASANDRO*

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISON

| | | |
|---|---|---|
| In re: | § | Case No. 20-33233 (DRJ) |
| | § | |
| CHESAPEAKE ENERGY | § | |
| CORPORATION, et. al[1] | § | Chapter 11 |
| | § | (Jointly Administered) |
| Debtors | § | |

**THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091], ENTERED SEPTEMBER 3, 2020, PURSUANT TO FED. R. BANKR. P. 9023, OR IN THE ALTERNATIVE, FOR RELIEF FROM SUCH ORDER PURSUANT TO FED. R. BANKR. P. 9024**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/chesapeake. The location of the Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

1

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COME NOW Stefanie and Timothy Delasandro ("Movants") and file this Motion for Rehearing or to Alter or Amend or that certain Stipulation and Order by the Debtors Granting Relief from Automatic Stay" [Docket No. 1091], entered September 3, 2020 (the "Order"), pursuant to Fed. R. Bankr. P. 9023, or in the Alternative, for Relief from such Order Pursuant to Fed. R. Bankr. P. 9024, for the reasons set forth below:

## SUMMARY OF RELIEF REQUESTED

Movants ask this Court to grant them relief from the Order by either amending the Order to grant relief from stay as to both Movants and the Debtors to permit both parties to go forward in the proceeding between them currently pending before the Texas Railroad Commission ("TRRC Proceeding") more fully discussed below, or, in the alternative, to either set aside the Order without further hearing, or set this Motion for hearing.

Movants ask for such relief to correct a manifest injustice to them caused by entry of an Order that was originally styled and submitted as an agreed order, even though they had not agreed to its terms, their request for a hearing on their Objection prior to entry of the Order was seemingly ignored, and the terms of the Order are disproportionately beneficial to the Debtors at the expense of the Movants.  Specifically, the Order lifts the stay only to permit the TRRC to rule on the Debtors' pending motion to dismiss.  The stay remains in place as to Movants and the Commission for all other purposes.  Therefore, if the TRRC's decision requires any action on the part of Movants, they will not be able to take such required action until they return to this Court and obtain a lift of stay, which may result in Movants effectively losing their rights to protect their interests in the TRRC matter due to various potential deadlines on their responses in the TRCC Proceeding, which could be as short as ten days.

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

2

## **STATEMENT OF FACTS**

1. On August 31, 2020, Chesapeake Energy Corporation and certain of its affiliates ("Debtors") filed that certain Stipulation and Agreed Order by Chesapeake Energy Corporation and Certain of its Affiliates [Doc. 1057] ("Proposed Agreed Order"). A true and correct copy of the Proposed Agreed Order is attached hereto as **Exhibit A** and incorporated herein by this reference. Debtors did not file a motion seeking approval of the Proposed Agreed Order prior to filing the Proposed Agreed Order.

2. On the date the Proposed Agreed Order was submitted by the Debtors, neither the Debtors nor Movants had filed a motion to lift the stay as to the TRRC Proceeding.

3. Debtors submitted the Proposed Agreed Order to this Court as an agreed order. See, Docket Entry 1057. However, the Proposed Agreed Order was merely an "agreement" among the Debtors, to be signed only by Debtors' counsel. See, Proposed Order at page 5.

4. Movants, who are the only counterparties to the Debtors in the TRRC Proceeding, **had not agreed to, nor seen the** Proposed Agreed Order prior to its submission by Debtors to this Court. Indeed, as admitted by Debtors in the Proposed Agreed Order, Debtors served it only to the Official Committee of Unsecured Creditors, which allegedly did not oppose the relief requested. Proposed Agreed Order, page 2.

5. The Proposed Agreed Order contained the following relevant allegations and admissions which are relevant to this Motion:

    a. "on or about October 14, 2019, Stephanie and Timothy Delasandro (the "Complainants") initiated the Complaint of Timothy and Stephanie Delasandro Against Chesapeake Operating, L.L.C. (Operator No. 147699) on the College Station Lease, Well No. A 2H (Drilling Permit No. 856809), Giddings (Eagleford) Field, Brazos County,

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

3

Texas; District 3, Oil and Gas Docket No. OG-19-00001748, (the "Delasandro Complaint") against Chesapeake Operating, LLC at the Railroad Commission of Texas (the "Commission") alleging in an email to the Commission that the drilling permit for the College Station A 2H Well operated by Chesapeake Operating, L.L.C. should be revoked because (Complainants contend) the College Station A 2H Well was permitted in violation of the Commission's applicable leaseline spacing rules."

    b.    Debtors admitted that "in February 2020, Chesapeake Operating, LLC commenced production on the College Station A2H Well."

    c.    "on April 13, 2020, Chesapeake Operating, LLC filed a motion to dismiss (the "Motion to Dismiss") the Delasandro Complaint, which remains pending with the Commission."

    d.    **Debtors stated that they "consent to relief** from the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation **for the exclusive purpose of allowing the Commission to act on the Motion to Dismiss,** and solely to the extent provided in this Stipulation."

Proposed Order, pages 1- 2.

6.    Debtors' counsel did not confer with counsel for Movants prior to filing the Proposed Agreed Order.  It is not clear from the record whether the Proposed Agreed Order was even served on Movants.

7.    Movants filed "The Delasandros (I) Limited Objection to Debtors' Proposed Stipulation and Agreed Order by the Debtors Granting Relief from the Automatic Stay, and (II) Request for Hearing."  [Docket 1077] (the "Objection") on September 2, 2020.  A true and

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

4

correct copy of the Objection and its exhibits is attached hereto as **Exhibit B** and incorporated herein for all purposes.

8. In the Objection, Movants objected to entry of the Proposed Agreed Order on the following grounds:

    a. Movants had not agreed to the terms of the Proposed Agreed Order,

    b. Movants were not contacted by the Debtors before the Proposed Agreed Order was submitted to the Bankruptcy Court for entry as an alleged agreed order,

    c. Debtors failed to confer with Movants prior to submitting the Proposed Agreed Order,

    d. **Movants did not agree to the scope of relief to be granted in the alleged agreed order**, specifically, Movants believed that the stay should be lifted for all purposes and as to all parties, including but not limited to, permitting all parties to assert any objections or exceptions to any ruling in the TRRC Proceeding, request any potential rehearing, and assert any appeals that may be available from the final order of the TRRC, on a timely basis.  All actions available to the parties will be subject to various deadlines-often no more than ten days-leaving Movants insufficient time to return to this Court prior to taking any needed action.

    e. Movants were not listed as signatories to the Proposed Agreed Order and had not signed it--only the Debtors' counsel signed the Proposed Agreed Order, and

    f. they believed the scope of the relief to be granted by the Debtors to the Debtors in the Proposed Order was unfair and unduly burdensome to Movants.  See, Objection at page 2.

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

5

9. Movants requested a hearing prior to entry of the Proposed Order, or the denial of the Proposed Agreed Order without a hearing. See, Objection at pages 1 and 6.

10. No hearing on the Objection was ever set. Moreover, Debtors did not file a Certificate of No Objection or Certificate of Counsel prior to the entry of the Order.

11. On September 3, 2020, this Court entered the Order. A true and correct copy of the Order is attached hereto as **Exhibit C** and incorporated herein by this reference. Notably, the entered Order had been revised from the Proposed Order: the word "agreed" was deleted from the title of the document but remained in the body of the document.

## LEGAL ARGUMENT

12. Because there was no motion filed seeking either a lift of stay or approval of an agreement to lift the stay, the Debtors failed to respond to the Objection, the Movants were not given a hearing on the Objection, and the Order lifts the stay only as to one aspect of the TRRC Proceeding, it is not clear whether it is an interlocutory order or final order. As a consequence, Movants seek alternative relief under Bankruptcy Rule 9023 and/or 9024 as to the Order.

13. It is well-settled that a court has an inherent right to reconsider an order.[2] To the extent the Order is interlocutory, under Fed. R. Bankr. P. 9023, this Court may evaluate Movants' request to reconsider under any standard it may deem appropriate and just, including looking to Fed. R. Civ. P. 59 for guidance to determine whether such relief is appropriate to accomplish justice under the circumstances presented here.[3]

14. Under Rule 59, a party may seek reconsideration of an order on various grounds, including the need to prevent manifest injustice or to correct a clear error of fact or law.[4] In this

---

[2] 12 Moore's Federal Practice, § 59.30[7] (Matthew Bender 3d ed.).
[3] *Liljeberg v. Health Serv. Acquisition Corp*., 486 U.S. 847, 863 (1988).
[4] *In re Conex Holdings, LLC*, 524 B.R. 55, 58 (Bankr. D. Del. 2015).

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

6

case manifest injustice is clear on the face of the record: Debtors submitted the Order as a Proposed Agreed Order without obtaining Movants' prior agreement to its terms. Movants filed a timely Objection and request for hearing prior to entry of the Order. Debtors failed to respond to the Objection, and also failed to file a Certificate of No Objection or Certificate of Counsel with this Court. In addition, Movants' timely request for a hearing was inexplicably ignored—perhaps because the Proposed Agreed Order had been submitted as an agreed order.

15. As a result of the foregoing, no hearing was held, therefore Movants were never provided an opportunity to raise their Objection before this Court and present their facts and argument against entry of the Order. Moreover, this is not a routine matter-it involves significant rights of Movants by dramatically reducing, and perhaps eliminating, their right to act in a timely manner in the TRRC Proceeding following the TRCC ruling on the Motion to Dismiss. In addition, as a matter of law, nothing in the Bankruptcy Rules would seem to permit Debtors to file an "agreed order" which has the effect of obtaining the relief it seeks while robbing Movants of all opportunity to be heard. Therefore, Movants urge the Court to alter or amend the Order to provide that the stay is lifted to permit both parties to proceed in the TRRC proceeding for all purposes, without the need for further order of this Court.

16. In the alternative, if the Order is deemed to be a final order, Movants request that the Court either set it aside without further hearing, or set it aside and set the relief requested in this Motion and the Order for a hearing in which Movants can present their Objection. Under Fed. R. Civ. P. 60(b), a party can seek relief from an order for a variety of reasons, including mistake, the misconduct of the other party, or any other reason justifying relief from the operation of the judgment or order. [5]

---

[5] Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

7

17. Movants did all they could do to preserve their rights to present their Objection to the entry of this Order to this Court, but were not afforded their day in court. Instead the Order was entered, seemingly as an agreed order, without their consent, and at their considerable detriment and expense. Whether the entry of the Order without adherence to proper procedure was the result of a mistake, inadvertence or a deliberate act, the impact on Movants is severe: they lost the right to present their Objection and protect themselves from the harsh terms of this Order. If the Order is allowed to stand, Movants face a serious risk of losing the ability to protect their rights before the TRRC because they will be unable to respond to any action of the TRRC without first obtaining further relief from this Court-which relief may not be available to them quickly enough to respond to the TRRC in a timely manner. Further, there is no prejudice to the Debtors in granting the relief requested by Movants because they too would be able to respond quickly to the TRRC. Finally, judicial economy would be served by limiting this Court's review of this issue to a single lift stay proceeding, rather than multiple requests from either party depending upon the actions of the TRRC. Based upon the foregoing, Movants request the Court to set aside the Order and issue an order granting a broader scope of lift stay relief, or to set aside the Order with or without a hearing.

## CONCLUSION

Stefanie and Timothy Delasandro respectfully request that the Court enter an order (i) altering or amending the Order to lift the stay as to both parties for all purposes in the TRRC Proceeding or (ii) setting aside the Order with or without a hearing and (iii) granting the Delasandros such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

8

By: */s/ Lynnette R. Warman*
Lynnette R. Warman
Texas Bar No. 20867940
Culhane Meadows PLLC
100 Crescent Ct., Suite 700
Dallas, TX 75225
Telephone: (214) 693-6525
Email: LWarman@CM.law

**COUNSEL FOR
STEFANIE DELASANDRO
AND TIMOTHY DELASANDRO**

### Certificate of Service

I certify that on September 17, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on the parties registered for such service.

*/s/ Lynnette R. Warman*
Lynnette R. Warman

THE DELASANDROS' MOTION FOR REHEARING OR TO ALTER OR AMEND THAT CERTAIN "STIPULATION AND ORDER BY THE DEBTORS GRANTING RELIEF FROM AUTOMATIC STAY" [DOCKET NO. 1091]

9