IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| | § | Case No. 20-33233 (DRJ) |
| CHESAPEAKE ENERGY CORPORATION, et al., | § | |
| | § | (Joint Administration Requested) |
| Debtors. | § | |
| | § | Re: Docket No. 3 |

## MOTION TO LIFT AUTOMATIC STAY

**NOTICE:**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE HEARING ON THIS MATTER ON OCTOBER 28, 2020, AT 2:00 O'CLOCK P.M., IN COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TEXAS, 77002.

Pursuant to the provisions of 11 U.S.C. §362 and Local Rule 4001 of the Local Bankruptcy Rules, Movers John H. Bedsole and Bedsole Land Company, both creditors of Chesapeake Louisiana, L.P., one of the debtors seeking relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C.A. §101-1532 in the captioned proceeding, hereby move the Court

to enter an order lifting the automatic stay of proceedings in the suit entitled *"John H. Bedsole, et al., v. Chesapeake Louisiana, L.P.,"* No. 80,319 on the docket of the Forty-Second Judicial District Court in and for DeSoto Parish, Louisiana (the "State Court Proceeding"), for the following reasons and upon the following grounds, to-wit:

1.

Movers are the plaintiffs in the State Court Proceeding against defendant Chesapeake Louisiana, L.P. Movers in the aforesaid suit seek primarily to cancel an oil, gas and mineral lease held by Chesapeake Louisiana, L.P., for fraudulently failing to pay Movers the royalties to which Movers were entitled to receive, together with damages, interest, penalties and attorneys' fees under La. Mineral Code, Art 137 (La. R.S. 31:137). A copy of Plaintiff's petition in the State Court proceeding is attached hereto as Exhibit "A."

2.

Defendant Chesapeake Louisiana, L.P., has filed an answer in the State Court Proceeding, a copy of which is attached hereto and filed herewith as Exhibit "B."

3.

As will more fully appear from Movers' Petition (Exhibit "A"), Mover John H. Bedsole was the owner of the following described lands located in DeSoto Parish, Louisiana, to-wit:

<u>Sections 35 and 36, Township 13 North, Range 14 West</u>

**Tract 1:** That certain tract or parcel of land containing 100.00 acres of land, more or less situated in the West Half of the West Half (W/2 of W/2) of Section 35, Township 13 North, Range 14 West and being bounded, now or formerly as follows:  North by Garland Keith Parker; East by Garland Keith Parker and Evergreen Baptist Church; South by Troy D. Gibbs; West by Edmund Morris Chaffin et al. and Garland Keith Parker; and begin further described in that certain Credit Sale Deed dated September 16, 1993, recorded in Book 692, Page 511, Entry No. 534314, of the Conveyance Records of Desoto Parish, Louisiana.

**Tract 2:**  That certain tract of land containing 10.00 acres of land, more or less, situated in the Northwest Quarter of the Northeast Quarter of the Southeast Quarter (NW/4 of NE/4 of SE/4) of Section 36, Township 13 North, Range 14 West, and being bounded, now or formerly as follows:  North by Floyd L. Guice Est.; East by Jeffery Turner and Vircie Turner; South by Douglas Tracy Boutlie and Paula Gayle Williams Johnson; and West by Police Jury DeSoto Parish; and being further described in that certain Community Property Settlement dated August 25, 1983, recorded in Book 537, Page 562, Entry No. 458347, of the Conveyance Records of DeSoto Parish, Louisiana.

**Tract 3:**  That certain tract or parcel of land containing 10.00 acres of land, more or less, situated in the Northwest Quarter of the Northwest Quarter of the Southwest Quarter (NW/4 of NW/4 of SE/4) of Section 36, Township 13 North, Range 14 West, and being bounded, now or formerly, as follows:  North, East, South, and West by Police Jury of DeSoto Parish and being further described in that certain Community Property Settlement dated August 25, 1983, recorded in Book 537, Page 562, Entry No. 458347, of the Conveyance Records of DeSoto Parish, Louisiana.

The above tracts comprising 120 acres, more or less, in the aggregate.
(the "Subject Property").

Mover John H. Bedsole executed an oil, gas and mineral lease in favor Suncoast Land Services, Inc., dated January 23, 2008, and recorded on March 7, 2008, under Registry No. 646138, in Book 936, at page 559, of the Conveyance Records of DeSoto Parish, Louisiana, which was subsequently assigned to Chesapeake Louisiana, L.P., by written instrument dated February 15, 2008, and recorded under Registry No. 657672, in Conveyance Book 982, at page 401, of the Conveyance Records of DeSoto Parish, Louisiana

4.

Petrohawk Operating Co. and/or BHP Billiton drilled and completed the following wells upon lands unitized with the Subject Property, to-wit:

(a) HA RA SUL, DeSoto Parish Police Jury 35H No. 1 Well (Serial No. 239711); and

(b) HA RA SUM; Meredith Etux 36 H No. 1 Well (Serial No. 239709).

The Subject Wells were operated by Petrohawk Operating until on or about July 1, 2013, when

BHP was appointed Operator of the Subject Wells.  BHP has continued to operate the Subject Wells since that time.

5.

To the best of Movers' knowledge, information and belief, the bankrupt, Chesapeake Louisiana, L.P., has not filed a Motion to Reject or Assume the Oil, Gas and Mineral Leases at issue.  Because of the fraud and bad faith by Defendant Chesapeake Louisiana, L.P., in failing to timely and properly pay the royalties due Movers on production from the aforesaid wells and in failing to act as a prudent administrator, Defendant Chesapeake Louisiana, L.P., is not entitled to assume the executory mineral lease, nor is it entitled to be discharged from its indebtednesses to Movers.

6.

Movers have received no royalties from Chesapeake Louisiana, L.P., on production from the Subject Wells since December 31, 2018.  The records of the Louisiana Department of Conservation do not show that either of the Subject Wells have been shut-in for any reason or abandoned.

7.

Counsel for Movants has conferred with opposing counsel for Chesapeake in the State Court Proceeding and with counsel for Chesapeake in the captioned bankruptcy proceeding and they have been unable to reach an agreement on the requested relief, all as will more fully appear from the correspondence attached hereto.

WHEREFORE, Movers John H. Bedsole and Bedsole Land Co., L.L.C., pray that the automatic stay with respect to Movers' pending suit against Defendant Chesapeake Louisiana,

L.P., be lifted and that Movers be allowed to continue the State Court Proceeding in due course in the Forty-Second Judicial District Court in and for DeSoto Parish, Louisiana.

Movers further pray for all orders and decrees necessary or proper in the premises and full general and equitable relief and all costs.

                Respectfully submitted,

                THE PESNELL LAW FIRM
                (A Professional Law Corporation)


By: _____/s/ J. Whitney Pesnell_____
                J. Whitney Pesnell
                Texas Bar Roll # 00793137

400 Travis Street, Suite 1100
Shreveport, Louisiana 71101
Post Office Box 1794
Shreveport, Louisiana 71166-1794
(318) 226-5577
(318) 226-5578 (fax)


--       ATTORNEYS FOR PLAINTIFFS JOHN H. BEDSOLE AND BEDSOLE LAND COMPANY, L.L.C.