## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **CHESAPEAKE ENERGY CORPORATION, *et al.*,**[1] | ) Case No. 20-33233 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION OF MADISON HENDRIX; TRACI HENDRIX, INDIVIDUALLY AND AS NEXT OF KIN TO THE ESTATE OF BRADLEY HENDRIX; NORMA LYN MALDONADO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BRIAN AMADOR MALDONADO; AND ERIKA BEDDINGFIELD, INDIVIDUALLY AND AS NEXT FRIEND OF M.B., A MINOR, AND AS REPRESENTATIVE OF THE ESTATE OF WINDELL BEDDINGFIELD, DECEASED FOR RELIEF FROM <u>STAY TO CONCLUDE PENDING TEXAS STATE COURT LITIGATION</u>**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing, and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on November 20, 2020 at 2:00 p.m. in Courtroom 400, 4th Floor, 515 Rusk, Houston, TX 77002.**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Madison Hendrix ("<u>Madison Hendrix</u>"); Traci Hendrix ("<u>Traci Hendrix</u>"), individually

and as the personal representative of the Estate of Bradley Hendrix; Norma Lyn Maldonado

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

("Maldonado"), individually and as representative of the Estate of Brian Amador Maldonado; and Erika Beddingfield, individually, and as next friend of M.B., a minor, and as representative of the Estate of Windell Beddingfield ("Beddingfield" and collectively with Madison Hendrix, Traci Hendrix, and Maldonado "Movants"), creditors and parties in interest, file this motion (the "Motion") for relief from stay to conclude a Texas state lawsuits for personal injuries pending in the District Court of Dallas County (the "Texas Court") and to collect from the proceeds of any available insurance policies on any judgment rendered.  In support of the Motion, Movants state as follows:

### FACTS

1.      On or about January 29, 2020 Brad Hendrix, Brian Amador Maldonado, and Windell Beddingfield suffered catastrophic injuries which occurred as a result of a blowout on the land rig on which they were working at a drilling site which was owned, managed, controlled, and or operated by the defendants in the Texas Actions (defined below), including debtors Chesapeake Energy Corporation ("Chesapeake Energy"); Chesapeake Operating, L.L.C, ("Chesapeake Operating"),  and Wildhorse Resources Management Company, LLC (collectively with Chesapeake Energy and Chesapeake Operating, the "Texas Actions Defendant Debtors"). All three men ultimately died from their injuries.

2.      On May 14, 2020, Madison Hendrix filed a lawsuit (the "Madison Hendrix Action") in the District Court of Dallas County (the "Texas Court") against certain of the Texas Actions Defendant Debtors and two other non-Debtor defendants captioned *Madison Hendrix, Individually, and as the Personal Representative of the Estate of Brad Hendrix v. Chesapeake Energy Corporation, CC Forbes LLC, Forbes Energy Services, LLC, Eagle PCO LLC, Wildhorse Resources Management Company, LLC,* Cause No. DC-20-06798.

3.     On May 15, 2020, Traci Hendrix filed a lawsuit (the "Traci Hendrix Action") in the Texas Court against certain of the Texas Actions Defendant Debtors and five other non-Debtor defendants captioned *Traci Hendrix, Individually and as Next of Kin to the Estate of Bradley Hendrix, Deceased v. Chesapeake Energy Corporation, Chesapeake Operating LLC, Forbes Energy Services Delaware LLC, C.C. Forbes Energy Services Ltd., A&L Hot Oil Service, Inc., and SDS Petroleum Consultants, LLC*, Cause No. DC-20-06937.

4.     On May 14, 2020, Maldonado filed a lawsuit (the "Maldonado Action") in the Texas Court against certain of the Texas Actions Defendant Debtors and six other non-Debtor defendants captioned*, Norma Lyn Maldonado, Individually and As Representative of Brian Amador Maldonado, Deceased v. Chesapeake Operating, L.L.C., Chesapeake Energy Corporation, SDS Petroleum Consultants, L.L.C., A&L Hot Oil Service, Inc., Eagle PCO, L.L.C., Forbes Energy Services, Ltd., C.C. Forbes, L.L.C.*, Cause No. DC-20-06809.

5.     On or about May 19, 2020, Beddingfield filed a lawsuit (collectively with the Madison Hendrix Action, the Traci Hendrix Action, and the Maldonado Action, the "Texas Actions") in the Texas Court against certain of the Texas Actions Defendant Debtors and five other non-Debtor defendants captioned *Erika Beddingfield, Individually and As Next Friend of M.B., a Minor, and As Representative of the Estate of Windell Beddingfield, Deceased*, Cause No. DC-20-07024.

6.     In the pending Texas Actions, Movants have claims (the "Pending Claims") against the Texas Actions Defendant Debtors and the other named defendants for negligence, negligence *per se*, and gross negligence.

7.     Chesapeake Energy Corporation, Chesapeake Operating, LLC, and the Movants have jointly filed a motion to transfer the Texas Actions, along with certain other

actions, to a single pretrial court for coordinated pretrial proceedings in the action styled *In re Wendland Well Cases*, pending with the Supreme Court of Texas Judicial Panel on Multidistrict Litigation (the "Texas MDL Panel"), No. 20-0286 (the "MDL Proceeding"). The motion to transfer is still pending.

8.      On June 28, 2020, Chesapeake Energy Corporation and its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay in each of the Texas Actions on or about June 29, 2020.

## **RELIEF REQUESTED**

9.      By this Motion, the Movants respectfully requests that the Court enter an order lifting the automatic stay to allow them to pursue the Pending Claims to final judgment, including any appeals, in the Texas Actions and/or the MDL Proceeding.

## **ARGUMENT**

**A.      The Standard on a Motion to Lift the Automatic Stay.**

10.     Under the Bankruptcy Code, the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1).

11.     The Bankruptcy Code also provides for the automatic stay to be lifted under certain circumstances. Section 362(d)(1) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay – (1) for cause,

including the lack of adequate protection of an interest in property
of such party in interest.  11 U.S.C. § 362(d)(1).

12.     The party seeking relief from the automatic stay bears the initial burden of

demonstrating cause for lifting the stay.  *In re Project Orange Assocs., LLC*, 432 B.R. 89, 103

(Bankr. S.D.N.Y. 2010); *Pursue Energy Corp. v. Miss. State Tax Comm'n*, 338 B.R. 283, 291

(S.D. Miss. 2005) *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997);

13.     Section 362 does not define the "cause" that must be shown.  *In re Project*

*Orange Assocs., LLC*, 432 B.R. at 103; *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 756.

"'Cause' is an intentionally broad and flexible concept which must be determined of a case-by-

case basis."  *In re Project Orange Assocs.*, 432 B.R. at 103 (quoting *In re Brown*, 311 B.R. 409,

412-13 (E.D. Pa. 2004)).  The legislative history of Section 362:

> reveals that Congress intended "that one of the factors to consider
> when determining whether to modify the stay is whether doing so
> would permit pending litigation involving the debtor to continue in
> a nonbankruptcy forum," as "[i]t will often be more appropriate to
> permit proceedings to continue in their place of origin, where no
> great prejudice to the bankruptcy estate would result, in order to
> leave the parties to their chosen forum and to relieve the bankruptcy
> court from duties that may be handled elsewhere."

*Id.* (quoting H.R. Rep. No. 95-595, at 341 (1977), U.S. Code Cong. & Admin. News 1978, at

5963, 6297, S. Rep. No. 95-989, at 50 (1978), U.S. Code.  Cong. & Admin. News 1978, at 5787,

5836).

14.     Once the moving party establishes a *prima facie* case for cause, the party

opposing relief from the stay has the burden of proof to show that it is entitled to a continuation

of the stay.  11 U.S.C. § 362(g)(1) (the party opposing relief from the stay has burden of proof on

all issues other than debtor's equity in property); *see also In re Project Orange Assocs., LLC*,

432 B.R. at 103; *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 756.  The reason for placing the

burden of proof on the debtor "is that the automatic stay is intended only to shift the initiative to

the creditor to bring the issue before the Bankruptcy Court, and not to create any new right in the debtor to stay proceedings." *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 756 (citing *Terry v. Johnson (In re Terry))*, 12 B.R. 578, 581 (Bankr. E.D. Wis. 1981). The debtor's burden is not only to come forward with evidence, but also the burden of ultimate persuasion. *Id.* Accordingly, as long as a party makes a *prima facie* showing of cause, the debtor bears the burden of proof to show why the stay should not be lifted.

**B.     This Court Cannot Enter a Final Judgment On
Movants' Claims Pending In the Texas Action**

15.     The Bankruptcy Court cannot enter a final judgment on Movants' claims pending in the Texas Actions because the liquidation and estimation of personal injury tort claims are expressly excluded from the definition of "core" bankruptcy proceedings. 28 U.S.C. §157(b)(2)(B). Absent consent, bankruptcy courts in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district courts review *de novo*. *Wellness Int'l. Network Ltd.  v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 1940 (2015). None of the parties to the Texas Actions or the MDL Proceeding have consented to the Bankruptcy Court entering final orders on the liquidation or estimation of Movant's claims.

**C.     Cause Exists To Lift the Stay To Allow the
Movant To Pursue Their Claims To Final Judgment**

16.     Because Section 362 does not offer guidance as to what constitutes "cause," courts must determine what constitutes cause on a case-by-case basis. *Reitnauer v. Tex. Exotic Feline Found., Inc*. (*In re Reitnauer*), 152 F.3d 341, 343 n. 4 (5th Cir.1998).

17.     In the Fifth Circuit, bankruptcy courts have considered various factors in determining whether it is appropriate in a particular circumstance to grant relief from the stay to permit an action to proceed in another jurisdiction. Such considerations include:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and balance of harms.

*In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (Paul, J.); *see also In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (Bohm, J.); *Pursue Energy Corp. v. Miss. State Tax Comm'n*, 338 B.R. 283, 286 (S.D. Miss. 2005); *In re Henderson*, 352 B.R. 439, 442 (Bankr. N.D.Tex. 2006); *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001); *In*

*re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D.Tex. 1994). Not all twelve of those factors are relevant in every case, and the Court need not give equal weight to each factor. *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); *In re Xenon Anesthesia of Tex., PLLC,* 510 B.R. at 112*; Mo*sher, 578 B.R. at 773.  Further, the decision to lift the stay may be upheld on judicial economy grounds alone. *See In re U.S. Brass Corp.*, 176 B.R. at 13 (Bankr. E.D. Tex. 1994), citing *Parkerland Packing Co. v. Griffith Brokerage Co. (In re Kemble),* 776 F.2d 802, 807 (9th Cir. 1985).

18.      Application of these factors here dictates that the stay be lifted.

**(1)      Whether relief would result in a partial or complete resolution of the issues.**

19.      As explained above, the Bankruptcy Court lacks authority to enter final orders liquidating or even estimating the Pending Claims.  Therefore, it will be necessary for the Pending Claims to be liquidated in another forum, and lifting the stay would result in the prompt resolution of the Pending Claims in a Texas state court.

20.      In addition, lifting the stay would allow complete liquidation of the Pending Claims against the Texas Actions Defendant Debtors (and their non-Debtor co-defendants), and to the extent there are insurance proceeds available, could allow complete satisfaction of the Pending Claims against the Debtors solely from insurance proceeds and recovery from the non-Debtor defendants.  If there are any amounts awarded to the Movant against the Texas Actions Defendant Debtors that are not satisfied by insurance proceeds, the Movant acknowledges that those amounts would constitute an unsecured prepetition claim against the Debtors subject to all applicable terms, restrictions, and limitations of the automatic stay, any confirmed chapter 11 plan, and any bankruptcy discharge injunction. This factor weighs in favor of lifting the stay.

**(2)      Lack of any connection with or interference with the bankruptcy case.**

21.     The Texas Actions have no connection with the Debtors' bankruptcy cases, except that the Pending Claims can be liquidated there and, to the extent that those claims are not fully satisfied by insurance, they would be treated as general unsecured pre-petition claims in the in the  Debtors' bankruptcy cases.

22.     The litigation of the Texas Actions to conclusion will not interfere with the Debtors' bankruptcy cases.  Rather, it will complement the bankruptcy cases by providing a venue in which the Pending Claims can be liquidated (which they cannot be in the Bankruptcy Court).  Adjudicating the Pending Claims in the federal district court for the Southern District of Texas rather than in the Texas Court in which they are currently pending would provide no advantage to the administration of the Debtors' bankruptcy cases.  This factor weighs in favor of lifting the stay.

**(3)      Whether the other proceeding involves the debtor as a fiduciary.**

23.     The Debtors are not involved as fiduciaries in the Texas Action.  This factor therefore supports lifting the stay.

**(4)      Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.**

24.     The Texas state courts routinely adjudicate negligence claims such as these.  The courts have the necessary expertise to properly adjudicate the Pending Claims fairly and efficiently, and each has the necessary jurisdiction and authority to do so.  Because the Pending Claims will have to be liquidated in some forum other than this Court, the  most logical and efficient procedure is to allow the Texas Actions to proceed in a Texas state court.  This factor weighs in favor of lifting the stay.

**(5)     Whether the debtor's insurer has assumed full responsibility for defending the action.**

25.     Upon information and belief, certain of the Debtors' insurers have accepted responsibility for defending the Texas Actions Defendant Debtors in the Texas Actions. Moreover, although Movants understand that one of the Debtors' insurers has denied responsibility for defending the Texas Actions, upon information and belief, it is the Debtors' position that that insurer is in fact responsible, and Movant is advised that the Debtors intend to commence an adversary proceeding against that insurer seeking a judgment that pursuant to the applicable policies, the insurer is required to pay the relevant attorney's fees and legal expenses incurred in the Texas Actions and otherwise comply with its indemnity obligations.  This factor therefore weighs in favor of lifting the stay.

**(6)     Whether the action primarily involves third parties.**

26.     There are multiple other defendants in the Texas Actions in addition to the Texas Actions Defendant Debtors.  Because the Texas Actions involve non-debtors in addition to the Texas Actions Defendant Debtors, this factor weighs in favor of lifting the stay so that the Texas Actions may proceed against all of the Defendants that are named in that proceeding.

**(7)     Whether litigation in another forum would prejudice the interests of other creditors.**

27.     As discussed above, because the Pending Claims are personal injury and wrongful death claims, they will have to be liquidated in a forum other than the Bankruptcy Court under any circumstances.  Accordingly, there is no way in which lifting the stay to permit adjudication of the Pending Claims in the Texas Court would prejudice the interest of the other creditors of the Debtors.  To the contrary, it would benefit the other creditors by providing a venue in which the claim could be liquidated.

28.     Moreover, upon information and belief, the Debtors have significant insurance coverage.  In the event that there is an amount against the Debtors awarded to Movants that is not satisfied by insurance proceeds, Movants acknowledge that that amount would simply be a liquidated unsecured prepetition claim against the Debtors' estates.  Allowing the Movants to liquidate their unsecured prepetition claims against the Debtors and collect available proceeds from insurance companies will not prejudice the interests of any other creditors.

29.     Finally, if the Texas Actions proceed, the non-Debtor defendants may be found liable for all or part of the amounts claimed against the Texas Actions Defendant Debtors, thereby decreasing potential liability of the Debtors to Movants.  This factor weighs in favor of lifting the stay.

**(8)     Whether the judgment claim arising from the other action is subject to equitable subordination.**

30.     None of the Pending Claims are subject to equitable subordination. Therefore this factor weighs in favor of lifting the stay.

**(9)     Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor.**

31.     None of the Pending Claims would result in a lien of any kind.  This factor weighs in favor of lifting the stay.

**(10)     The interests of judicial economy and the expeditious and economical resolution of litigation.**

32.     The Pending Claims will have to be liquidated in some forum other than the Bankruptcy Court.  The interests of judicial economy and the expeditious and economical resolution of the Pending Claims will all be served by allowing Movants to continue pursuing those claims in the Texas Court where they are currently pending or before the  Court selected by the Texas MDL Panel.  This factor supports lifting the stay.

**(11)     Whether the parties are ready for trial in the other proceeding.**

33.     The Texas Court has not set a trial date, so this factor does not apply.

**(12)     Impact of the stay on the parties and balance of harms.**

34.     As established above in the discussion of the second factor, granting the Movants' request to lift the stay will not interfere with the Debtors' bankruptcy cases. The Pending Claims will have to be liquidated in a non-bankruptcy forum under any circumstance, and Movants believe the Debtors have enough insurance coverage to satisfy the Pending Claims. Thus, the Debtors will not suffer any harm from having the stay lifted.

35.     On the other hand, Movants will suffer significant harm if the stay remains in effect as a result of increased legal expenses, the impairment of her ability to conduct effective discovery, and delay in recovering compensation for the Pending Claims.

36.     First, Movant will incur increased legal expenses if they have to start over by pursuing the claims in the Federal Court for the Southern District of Texas rather than in the Texas Court in which they are currently pending. Second, the delay caused by maintaining the stay in effect may impair Movants' ability to conduct effective discovery due to the potential for fading memories of witnesses, witnesses moving away, witnesses possibly passing away, and having other evidence possibly lost, destroyed, or altered. *See Banque de Paris et des Pay-Bas (Suisse S.A. v. Arhens (In re Arhens)*, 120 B.R. 852, 854 (Bankr. S.D. Tex. 1990) (Clark, J.) (in the context of dismissing an adversary proceeding for want of prosecution, Judge Clark discussed the presumptions that witnesses' memories fade and that witnesses may become unavailable through death, distance, or otherwise with the passage of time); *United States  v. Hastings*, 847 F.2d 920, 929 (1st Cir.), *cert. denied* 488 U.S. 925 (1988) (delay prejudices parties because witnesses move or die, memories grow dim, and legal costs escalate); *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2nd Cir.), *cert. denied*, 498 U.S. 899 (1990) (agreeing with trial

judge that delays in proceedings might result in further loss of pertinent testimony).  Third, leaving the stay in effect will delay Movants' ability to recover any insurance proceeds that are available to compensate them for the Pending Claims. This factor weighs in favor of lifting the stay.

## <u>CONCLUSION</u>

For the reasons set forth above, Movants respectfully request that the Court issue an order (a) lifting the automatic stay to allow the Movants to pursue the Pending Claims to final judgment, including any appeals, in the Texas Actions and to collect from the proceeds of any available insurance policies on any judgment rendered; and (b) granting the Movants such other and further relief as is just and proper.

Dated:   October 27, 2020

By: */s/ Noah M. Wexler*
ARNOLD & ITKIN LLP
Noah Wexler (TX Bar No. 24060816)
Jason A. Itkin. (TX Bar No. 2403246) *(Pro Hac Vice Pending)*
6009 Memorial Drive
Houston, TX 77007
Telephone: (713) 222-3850

- AND -

Laura Davis Jones *(Pro Hac Vice Pending)*
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400

Counsel for Madison Hendrix

By: */s/Omar G. Alvarez*
O.G. ALVAREZ & ASSOCIATES, P.C.
Omar G. Alvarez (TX Bar No. 24045402) *(Pro Hac Vice Pending)*
 21022 Gathering Oak
San Antonio, TX 78260
Telephone: (210) 354-3900
Facsimile: (800) 948-7571
Email: ogalvarez@ogalvarezlaw.com

Counsel for Norma Lyn Maldonado

Michael P. Lyons *(Pro Hac Vice Pending)*
Texas State Bar No. 24013074
mlyons@lyons-simmons.com
Christopher J. Simmons *(Pro Hac Vice Pending)*
Texas State Bar No. 24058796
csimmons@lyons-simmons.com
Stephen Higdon *(Pro Hac Vice Pending)*
Texas State Bar No. 24087719
shigdon@lyons-simmons.com
**LYONS & SIMMONS, LLP**
2101 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
214-665-6900 (Main)
214-665-6950 (Fax)

- AND-

By: */s/Montgomery L. Lair*
Clark O. Brewster *(Pro Hac Vice Pending)*
Texas State Bar No. 786841
cbrewster@brewsterlaw.com
Guy A. Fortney *(Pro Hac Vice Pending)*
Oklahoma State Bar No. 17027
gfortney@brewsterlaw.com
Montgomery L. Lair *(Pro Hac Vice Pending)*
Oklahoma State Bar No. 17546
mlair@brewsterlaw.com
**BREWSTER & DE ANGELIS, PLLC**
2617 E. 21st Street
Tulsa, OK  74114
918-742-2021 (Main)
918-742-2197 (Fax)

-AND-

**Chad J. Kutmas, OBA #19505** *(Pro Hac Vice Pending)*
ckutmas@nwlawok.com
**NORMAN WOHLGEMUTH**
401 S. Boston Avenue, Suite 3200
Tulsa, OK 74103
(918) 583-7571 (office)
(918) 584-7846 (facsimile)

Counsel for Traci Hendrix

-AND-

By: */s/ J. Chard Parker*
**J. Chad Parker, PLLC**
J. Chad Parker (Texas Bar. No. 00786153) *(Pro Hac Vice Pending)*
3808 Old Jacksonville Road
Tyler, TX 75701
Telephone: 903-509-3400
Facsimile: 903-509-3401

Counsel for Erika Beddingfield

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with the Debtors' counsel concerning the relief requested in this Motion.  Despite diligent efforts, I was unable to come to a negotiated resolution of this matter.  Specifically I conferred/attempted to confer with the Debtors' counsel of record as follows:

- Since July, 2020, I have had multiple teleconferences and email exchanges with the Debtors' counsel of record regarding the relief requested in the Motion.  Specifically, I attempted to confer with the Debtors' counsel of record as follows:

- On or about July 17, 2020, I spoke to Alexandra Schwarzman ("Schwarzman") of Kirkland & Ellis LLP, counsel for the Debtors, regarding a consensual stipulation regarding the lifting of the automatic stay, at which time I was advised that the Debtors agreed in principle to consensual stay relief.

- On or about July 20, 2020, Schwarzman forwarded to me a draft stipulation.  Thereafter, we exchanged multiple drafts of and comments to the stipulation.

- Although in October, 2020, we exchanged further drafts of the proposed stipulation, including, most recently, the draft that I sent to counsel for the Debtors on or about October 16, 2020, the parties have not been able to come to a resolution of this matter.  Therefore, this Motion is submitted to the Court for ruling.

*/s/Laura Davis Jones*
Laura Davis Jones

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing (a) by ECF upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtors, counsel of record for the Official Committee of Unsecured Creditors, and all parties requesting notice.

*/s/ Noah M. Wexler*
Noah M. Wexler