**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | ) | Case No. 20-33233 (DRJ) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF TARGA PIPELINE MID-CONTINENT WESTOK LLC
TO THE SALE OF THE DEBTORS' MID-CON ASSETS FREE AND
CLEAR OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES**

Targa Pipeline Mid-Continent WestOK LLC ("Targa") hereby submits this Limited

Objection (the "Limited Objection") to the Sale of the Debtors' Mid-Con Assets Free and Clear of

Any and All Claims, Interests, and Encumbrances (the "Sale"), to be conducted pursuant to the

Order (I) Approving Bidding Procedures for the Sale of the Debtors' Mid-Con Assets, (II)

Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving

the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment

Procedures filed herein on October 6, 2020 at Docket No. 1305 (the "Bidding Procedures Order").

In support of this Limited Objection, Targa states as follows:

**RELEVANT BACKGROUND**

**I.      General Background**

1.      On June 28, 2020 (the "Petition Date"), Debtor Chesapeake Energy Corporation

and forty (40) affiliated debtors (the "Debtors" or "Chesapeake") each filed a voluntary petition

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 11, 2020, the Debtors filed at Docket No. 1147 a Motion for Entry of (A) an Order (I) Approving the Bidding Procedures for the Sale of the Debtors' Mid-Con Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures, and (B) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement (the "Bidding Procedures Motion").

3.      On October 6, 2020, the Court entered the Bidding Procedures Order, which allowed the Debtors to proceed with preparations for the sale of the Debtors' Mid-Con Assets.

4.      On October 13, 2020, the Debtors filed at Docket No. 1367 a Proposed Order (I) Authorizing the Sale of the Debtors' Mid-Con Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Enter into and Perform Under a Definitive Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief (the "Proposed Sale Order").

5.      The Proposed Sale Order provides that the transfer of the Mid-Con Assets to the Buyer shall vest the Buyer with all of the Debtors' rights, title, and interest in the Mid-Con Assets "free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever, with the sole exception of any permitted Encumbrances and Assumed Obligations."  Proposed Sale Order, D.I. 1367, Section VII.

6.      The Proposed Sale Order further authorizes the Debtors, in accordance with the Purchase and Sale Agreement ("PSA") (the PSA is attached as Exhibit 1 to the Proposed Sale Order), to assume and assign to the Buyer the Assigned Contracts (as identified on the Schedule of Assigned Contracts attached as Exhibit D to the PSA) "free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever, with the sole exception of any permitted Encumbrances and Assumed Obligations." *Id*., Section IX.

7.      Pursuant to the Bidding Procedures Order, the deadline to object to the proposed sale is November 6, 2020 by 4:00 p.m., prevailing central time.

**II.      Targa's Relationship with the Debtors and Claim for Indemnity**

8.      Debtor(s) Chesapeake Exploration L.L.C. and Chesapeake Energy Marketing, Inc.[2] (collectively, "Chesapeake") and Targa are parties to a certain Gas Gathering and Processing Agreement with an Effective Date of May 1, 2010 (the "GPA"). The GPA is identified as an Assigned Contract on the Schedule of Assigned Contracts attached to the PSA as contract number 12383 with a Cure Cost of $0.00.

9.      Under the terms of the GPA, Chesapeake agreed to deliver and Targa agreed to gather, process, and/or purchase all natural gas produced from all Dedicated Wells identified in the GPA, including, but not limited to, the Kirk 1-33 Well located in Section Thirty-Three (33), Township Twenty-Six North (26N), Range Eighteen West (18W), Woodward County, Oklahoma.

10.      The terms of the GPA further provide that Chesapeake, as "Indemnifying Party" is required to "protect, defend, indemnify and hold harmless [Targa] from, against and in respect of any and all Losses incurred by [Targa] to the extent those Losses arise from or relate to: (a) the

---

[2] Targa believes, but has not confirmed, that Chesapeake Energy Marketing, Inc. is in fact the same entity as Chesapeake Energy Marketing, L.L.C., one of the debtors in this bankruptcy case.

Indemnifying Party's facilities . . . ." Therefore, under the provisions and definitions of the GPA, Chesapeake must indemnify Targa for any Losses which occur at the Well site before the custody transfer meter.

11.     In October of 2020, Targa was served with a demand from Frontier Rodeo Company, Inc. ("Frontier") relating to the death of a horse at the Kirk 1-33 Well site.  Frontier's demand generally alleges that a horse owned by Frontier, known as Maple Valley, died at the Kirk 1-33 Well site on September 28, 2020, after it was impaled on a valve.  Frontier has demanded that Targa pay the total sum of $1,750,000 as compensation for the death of Maple Valley.

12.     Targa's position is that Chesapeake is responsible for the facilities that allegedly caused the death of the horse.  Pursuant to the terms of the indemnity provision in the GPA, Targa has tendered defense and indemnity of Frontier's post-petition claim to Chesapeake.

## LIMITED OBJECTION

### I.      Any Order Authorizing the Sale of the Debtors' Mid-Con Assets Should Not Impair or Alter Targa's Rights Under the GPA.

13.     Targa hereby files this limited objection to the extent that the Sale and proposed order confirming same impair, alter, abrogate, limit, reduce, strip or otherwise negatively or adversely affect Targa's rights under the GPA, including, but not limited to, any indemnification rights Targa may have thereunder.

14.     Specifically, Targa objects to Section IX of the Proposed Sale Order, *Assumption and Assignment of Assigned Contracts*, which provides in pertinent part:

> 14.     All defaults and all other obligations of the Debtors under the Assigned Contracts occurring, arising or accruing prior to the assignment thereof to the Buyer at Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) are deemed to have been cured or satisfied by the payment of the proposed amount necessary, if any, to cure all monetary defaults, if any, under

each Assigned Contract in the amounts set forth on the schedule of Cure Costs attached to the Cure Notice or any supplement thereto (or any other cure cost reached by agreement after an objection to the proposed cure cost by a counterparty to an Assigned Contract), which was served in compliance with the Bidding Procedures Order, and as set forth on the schedule of Cure Costs attached to the Cure Notice, and which Cure Costs were satisfied, or shall be satisfied as soon as practicable, by the Debtors or by the Buyer, as the case may be, as provided in the PSA.

15.     Paragraph 14 of the Proposed Sale Order, which is broad in scope, could be read to encompass and include Chesapeake's obligation to indemnify Targa with respect to Frontier's post-petition claim. Targa objects to the extent that Section IX operates to relieve Chesapeake of its obligation under the GPA to indemnify Targa for the post-petition administrative claim of Frontier without paying an appropriate Cure Cost.

## II.     The Order Authorizing the Sale Should Include Reservation Language Regarding Targa's Rights Under the GPA.

16.     Based upon the foregoing, and in order to clarify and resolve any doubt regarding the effect of the Sale on Targa's rights and Chesapeake's obligations under the GPA, any order authorizing the Sale should specifically provide that the order is entered without prejudice to the rights of Targa to seek indemnification from Chesapeake for Frontier's claim, and the obligation of Chesapeake to provide such indemnification pursuant to the GPA. Such order should further specifically provide that the assignment and assumption of the GPA and the other Targa contracts to the Buyer is made without prejudice to Targa's setoff and recoupment rights thereunder. To this end, Targa proposes the following language be added to the order authorizing the Sale.

> **Certain Matters Concerning Targa Pipeline Mid-Continent WestOK LLC**. Nothing in this Sale Order or the PSA shall prejudice or impact the rights of Targa Pipeline Mid-Continent WestOK LLC ("Targa") to seek indemnification from Debtors for any post-petition claim for which Debtors may be obligated to provide indemnification pursuant to any Assigned Contract.

## RESERVATION OF RIGHTS

Targa reserves the right to supplement this Limited Objection on or before the final hearing on the Sale of Debtors' Mid-Con Assets.

## CONCLUSION

**WHEREFORE,** Targa Pipeline Mid-Continent WestOK LLC respectfully requests that this Court enter an order sustaining Targa's limited objection to the Sale as more fully set forth herein and grant it any other and further relief that is just and equitable.

DATED: November 6, 2020

Respectfully submitted,

/s/ Steven W. Soulé
Steven W. Soulé, OBA #13781
Christopher Gnaedig, OBA#33892
**HALL, ESTILL HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103-3706
Telephone:  (918) 594-0400
Facsimile:   (918) 594-0505
Email: ssoule@hallestill.com
Email: cgnaedig@hallestill.com


**ATTORNEYS FOR TARGA PIPELINE MID-
CONTINENT WESTOK LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 6, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


/s/ Steven W. Soulé
Steven W. Soulé


4655513.1:004588.00006