**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**IN RE:**

**CHESAPEAKE ENERGY CORPORATION**          **NO.  20-33233**

                             **DEBTOR**          **CHAPTER 11  (DRJ)**

                                         **(Jointly Administered)**

**VERIFIED STATEMENT OF WIENER, WEISS & MADISON,**
**A PROFESSIONAL CORPORATION, PURSUANT TO**
**RULE 2019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**REGARDING REPRESENTATION OF MULTIPLE CREDITORS**

NOW   INTO   COURT   comes   WIENER,   WEISS   &   MADISON,   A

PROFESSIONAL CORPORATION ("WWM"), files this *Verified Statement of Wiener,*

*Weiss & Madison, A Professional Corporation Pursuant to Rule 2019 of the Federal*

*Rules of Bankruptcy Procedure Regarding Representation of Multiple Creditors* (the

"Statement") and in support thereof respectfully represents as follows:

1.

WWM   represents   the   following   creditors   in   connection   with   the   jointly

administered   cases   under   Case   No.   20-33233,   styled   *In re Chesapeake Energy*

*Corporation* (hereinafter sometimes collectively referred to as the "**Debtors**"):

> Caddo Parish ("Caddo")
> Caddo Parish Commission
> c/o Dr. Woodrow Wilson, Jr.
> 505 Travis Street, Ste. 800
> Shreveport, LA 71101
>
> Industrial Development Board of the
> Parish of Caddo, Inc. ("IDB")
> c/o Kyle McInnis

President, Board of Directors
505 Travis Street, Ste. 800
Shreveport, LA 71101

Paul M. Davis ("Davis")
527 Lock Ridge Drive
Shreveport, LA  71106

Coushatta Bayou Land Company, L.L.C. ("CBL")
c/o Paul M. Davis, Manager
527 Lock Ridge Drive
Shreveport, LA  71106

Succession of John P. Davis, Jr. (the "Succession")
c/o Paul M. Davis, Independent Administrator
527 Lock Ridge Drive
Shreveport, LA  71106

Caspiana Interests, LLC ("Caspiana")
c/o Ernest H. Turner, III
325 Haynes Avenue\
Shreveport, LA  71105

Bugg DeSoto, LLC ("Bugg")
c/o John L. Bugg, Jr., Manager
P. O. Box 4008
Horseshoe Bay, TX  78657

Estate of Gregary Roy Bott ("Bott")
c/o Sonja Bott
P.O. Box 5163
Shreveport, LA 71135

(hereinafter sometimes collectively referred to as the "**WWM Creditors**").

2.

Caddo has unliquidated claims against one or more of the Debtors based on proceeds due for both leased and unleased mineral interests.  Caddo submits it is the owner of and entitled to proceeds attributable to its Louisiana mineral interests being held

by one or more of the Debtors and that, as part of its claims, it is entitled to any other amounts due or to become due under any agreements or applicable law. See Claim No. 120 (4232), and any amendments thereto, filed in Chesapeake Operating, L.L.C., Case No. 20-33249, and Claim No. 36 (4000), and any amendments thereto, filed in Chesapeake Louisiana, L.P. , Case No. 20-33242, both of which claims are incorporated into this Statement by reference.

3.

IDB has unliquidated claims against one or more of the Debtors based on proceeds that are attributable to its Louisiana mineral interests that are being held by one or more of the Debtors. IDB submits that it is the owner of and entitled to those proceeds attributable to its Louisiana mineral interests being held by one or more of the Debtors and that, as part of its claims, it is entitled to any other amounts due or to become due under any agreements or applicable law. See Claim No. 121 (4228), and any amendments thereto, filed in Chesapeake Operating, L.L.C., Case No. 20-33249, and Claim No. 37 (3999), and any amendments thereto, filed in Chesapeake Louisiana, L.P., Case No. 20-33242, both of which claims are incorporated into this Statement by reference.

4.

Davis, CBL and the Succession have unliquidated claims against one or more of the Debtors based on their rights, as lessors, under their respective mineral leases covering immovable property located in Louisiana and Louisiana laws relative thereto.

They submit that they are the owners of and entitled to proceeds attributable to their respective Louisiana mineral interests being held by one or more of the Debtors and that, as part of their respective claims, they are entitled to any other amounts due or to become due under any agreements or applicable law.  See Claim Nos. 57, 59 and 60 (4103, 4104, 4071 4072), and any amendments thereto, filed in Chesapeake Operating, L.L.C., Case No. 20-33249, and Claim Nos. 5, 6 and 7 (3963, 3974, 3964, 3973), and any amendments thereto, filed in Chesapeake Louisiana, L.P., Case No. 20-33242, all of which claims are incorporated into this Statement by reference.

5.

Caspiana has claims against one or more of the Debtors based on one or more of the Debtors' underpayment of mineral royalties to Caspiana pursuant to Louisiana mineral leases and damages related thereto.  Caspiana submits it is the owner of and entitled to proceeds attributable to its Louisiana mineral interests being held by one or more of the Debtors and that, as part of its claims, it is entitled to any other amounts due or to become due under any agreements or applicable law.  See Claim No. 62 (4074), and any amendments thereto, filed in Chesapeake Operating, L.L.C., Case No. 20-33249, and Claim No. 8 (3966), and any amendments thereto, filed in Chesapeake Louisiana, L.P., Case No. 20-33242, both of which claims are incorporated into this Statement by reference.

6.

Bugg has an unliquidated claim against one or more of the Debtors based on proceeds attributable to Bugg's Louisiana mineral interests.  Bugg submits it owns any and all proceeds attributable to its Louisiana mineral interests being held by one or more of the Debtors and that, as part of its claim, it is entitled to any other amounts due or to become due under any agreements or applicable law.  See Claim No. 64 (4076, 4077), and any amendments thereto, filed in Chesapeake Operating, L.L.C., Case No. 20-33249, which claim is incorporated into this Statement by reference.

7.

Bott has claims against one or more of the Debtors based on one or more of the Debtors' underpayment of mineral royalties pursuant to Louisiana mineral leases and damages related thereto.  Bott submits it is the owner of and entitled to proceeds attributable to its Louisiana mineral interests being held by one or more of the Debtors and that, as part of its claims, it is entitled to any other amounts due or to become due under any agreements or applicable law.  See Claim No. 10819, and any amendments thereto, filed in Chesapeake Louisiana, L.P., which claim is incorporated into this Statement by reference.

8.

The WWM Creditors have engaged WWM authorizing WWM to represent them in connection with the jointly administered cases but they have not signed any instrument empowering WWM to act on their behalf.

9.

WWM does not own a claim against or interest in any of the Debtors or their respective bankruptcy estates.

10.

WWM does not believe that its representation of the interests of any particular WWM Creditor will create a conflict between or be adverse to the interests of any other WWM Creditor.

11.

Pursuant to Bankruptcy Rule 2019, WWM will supplement this Statement upon the material change of any fact contained in this Statement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Shreveport, Louisiana, this 11th day of November, 2020.

Respectfully submitted,

WIENER, WEISS & MADISON
A Professional Corporation

By: /s/ R. Joseph Naus
        R. Joseph Naus    #17074
        Seth M. Moyers   #32607
330 Marshall St., Suite 1000 (71101)
P. O. Box 21990
Shreveport, Louisiana  71120-1990
(318) 226-9100
(318) 424-5128, facsimile
Email:  rjnaus@wwmlaw.com
Email:  Smoyers@wwmlaw.com

ATTORNEYS FOR CADDO PARISH,
INDUSTRIAL DEVELOPMENT BOARD
FOR THE PARISH OF CADDO, INC.,
PAUL M. DAVIS, COUSHATTA BAYOU
LAND COMPANY, L.L.C., SUCCESSION OF
JOHN P. DAVIS, JR., CASPIANA
INTERESTS, LLC, BUGG DESOTO, LLC and
ESTATE OF GREGORY RAY BOTT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *Verified Statement of Wiener, Weiss & Madison, A Professional Corporation Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure Regarding Representation of Multiple Creditors* has been served by electronic notice on the following and all other persons who have requested notice via the PACER/ ECF/CMS system:

Matthew D Cavenaugh                    By Electronic Notice
Kristhy M. Peguero
Jackson Walker LLP
          *Attorneys for Debtors*

Winstol Dean Carter, Jr.                    By Electronic Notice
Morgan Lewis et al
          *Attorneys for Trustee,*
          *Deutsche Bank Trust Company Americas*

Bernard R. Given, II                    By Electronic Notice
Loeb & Loeb
          *Attorneys for Indenture Trustee,*
          *U.S. Bank National Association*

Hector Duran, Jr                    By Electronic Notice
Stephen Douglas Statham
Office of US Trustee
          *Attorneys for U.S. Trustee*

This 11th day of November, 2020.

                              /s/ R. Joseph Naus
                              OF COUNSEL