IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CHESAPEAKE ENERGY CORPORATION, *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 20-33233 (DRJ)<br><br>(Jointly Administered) |

## NOTICE TO DAVIS POLK & WARDWELL LLP
## OF RULE 30(B)(6) DEPOSITION

**TO**: Davis Polk & Wardwell LLP, attn. Damian Schaible, 450 Lexington Ave, New York, NY 10017

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30(b)(6), and 34 of the Federal Rules of Civil Procedure, as made applicable hereto by Rule 7026, 7030, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Unsecured Creditors ("**Committee**") of Chesapeake Energy Corporation and its affiliated Debtors (the "**Debtors**"), by and through its undersigned counsel, will take the oral deposition of a witness and/or witnesses identified by Davis Polk & Wardwell LLP to testify regarding the topics of examination set forth in Exhibit A (the "**Topics**") on November 13, 2020, beginning at 9:00 a.m. Eastern Time, and continuing day to day until completed, or at such other date and time as agreed to between the parties. The deposition will take place remotely by videoconference or by other appropriate means to ensure the health and safety of all parties. The deposition will proceed before an officer authorized by law to administer oaths, and will be recorded by audio, video, and/or stenographic means. Parties who wish to participate should contact Daniel F. Kerns and Andrew

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

1

J. Simpson of Brown Rudnick LLP at DKerns@brownrudnick.com and ASimpson@brownrudnick.com no less than 24 hours before the start of the deposition for more information on how to participate remotely.

DATED: November 11, 2020.                 Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

William R. Greendyke (SBT 08390450)
Jason L. Boland (SBT 24040542)
Julie G. Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: william.greendyke@nortonrosefulbright.com
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com

-and-

Louis R. Strubeck, Jr. (SBT 19425600)
Kristian W. Gluck (SBT 24038921)
Richard S. Krumholz (SBT 00784425)
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email: louis.strubeck@nortonrosefulbright.com
Email: kristian.gluck@nortonrosefulbright.com
Email: richard.krumholz@nortonrosefulbright.com

-and-

**BROWN RUDNICK LLP**

By: */s/ Sigmund S. Wissner-Gross*

Robert J. Stark (*pro hac vice*)
Sigmund S. Wissner-Gross (*pro hac vice*)
Bennett S. Silverberg (*pro hac vice*)
Michael Winograd (*pro hac vice*)
Kenneth J. Aulet (*pro hac vice*)
Uchechi Egeonuigwe (*pro hac vice*)

2

        Andrew J. Simpson (*pro hac vice*)
Seven Times Square, 47th Floor
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: swissner-gross@brownrudnick.com
Email: bsilverberg@brownrudnick.com
Email: mwinograd@brownrudnick.com
Email: kaulet@brownrudnick.com
Email: uegeonuigwe@brownrudnick.com
Email: asimpson@brownrudnick.com

- and-

Jeffrey L. Jonas (*pro hac vice*)
James W. Stoll (*pro hac vice)*
Steven B. Levine (*pro hac vice*)
Sunni P. Beville (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: jjonas@brownrudnick.com
Email: jstoll@brownrudnick.com
Email: slevine@brownrudnick.com
Email: sbeville@brownrudnick.com

*Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November 2020, a true and correct copy of the foregoing was sent to counsel for Davis Polk & Wardwell LLP in compliance with the Federal Rules of Civil Procedure.

*/s/ Sigmund S. Wissner-Gross*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the Committee has previously conferred with Davis Polk & Wardwell LLP concerning the examination noticed herein. The Committee has engaged in discussions with Davis Polk in an effort to identity the witness most suitable at Davis Polk to address the topics of such deposition. While discussions between counsel for the Committee and Davis Polk are ongoing regarding the above, the Committee has noticed the above examination in light of the November 13, 2020 close of factual discovery on confirmation issues in respect of these matters, though the parties have not yet reached an agreement on a proposed schedule for the cut off for fact discovery in connection with further discovery regarding standing discovery.

*/s/ Sigmund S. Wissner-Gross*

## EXHIBIT A

Davis Polk & Wardwell LLP shall produce to testify on its behalf one or more counsel, in each case who have knowledge of the Topics set forth below. The individual(s) designated shall testify as to matters known or reasonably available to Davis Polk & Wardwell LLP. Davis Polk & Wardwell LLP shall identify in writing at least 24 hours in advance of the deposition the name of each person who will testify and the subject matters on which each person will testify.

## DEFINITIONS

1. The following definitions of terms apply to all Topics. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense:

2. "Chapter 11 Cases" means the above-captioned chapter 11 cases.

3. "Communication" includes any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, by whatever means accomplished, and includes written contact such as correspondence, letters, notes, advertisements, proposals, solicitation, memoranda, telegrams, facsimiles, emails, or electronic file transfers, and oral transmission and conveyance of information, including face-to-face meetings, telephone conversations, and video conferences.

4. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

5. "Document" has the broadest possible meaning under Federal Rule of Civil Procedure 34 and includes each and every form of Communication, and also includes, without

limitation, all written, printed, typed, recorded, or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in Your, as defined herein, actual or constructive possession, custody or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced or reproduced, including backup tapes.  The term "Document" shall include not only originals, but also any copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which any notations, comments or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents.

6. "Debtors" means, collectively, each debtor and debtor in possession in the Chapter 11 Cases, and shall include anyone acting on their behalf, or over whom they have control, including, without limitation, any current of former director, officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

7. Franklin means Franklin Advisers, Inc. and any and all related affiliates or entities to Franklin Advisers, Inc, including but not limited to Franklin Resources, Inc., and Franklin

Income Fund.

8. FLLO Ad Hoc Group means ad hoc group of Secured FLLO term loan lenders, including any members thereof, in connection with the FLLO Term Loan Facility, *i.e.*, the $1.5 billion new money term loan facility entered into in December 2019. FLLO Term Loan Facility has the meaning ascribed to it in the First Day Declaration.

9. The "Disclosure Statement" shall mean the Disclosure Statement For The Amended Joint Chapter 11 Plan Of Reorganization Of Chesapeake Energy Corporation And Its Debtor Affiliates [Docket No. 1331] and any and all prior and subsequent versions thereof, including all exhibits, schedules, annexes, amendments, supplements, and restatements thereto, such that Documents responsive to these Requests shall not be limited in scope to any particular version of the Disclosure Statement.

10. "Plan" shall mean the Amended Joint Chapter 11 Plan Of Reorganization Of Chesapeake Energy Corporation [Docket No. 1330] and any and all prior and subsequent versions thereof, including all exhibits, schedules, annexes, amendments, supplements, and restatements thereto, such that Documents responsive to these Requests shall not be limited in scope to any particular version of the Plan.

11. "You" or "Your" means Davis Polk & Wardwell LLP.

12. "First Day Declaration" means docket no. 37, Declaration of Domenic J. Dell'Osso, Jr. Executive Vice President and Chief Financial Officer of Chesapeake Energy Corporation in Support of Chapter 11 Petitions and First Day Motions.

13. "RSA" means Restructuring Support Agreement, and has the meaning ascribed to it in the First Day Declaration.

## TOPICS OF EXAMINATION

1.      Documents and Communications between law firms and/or professionals, including emails, conference calls, cell phone calls, or any other means of communication concerning, generally, (i) the RSA and related negotiations and discussion, and specifically, (ii) negotiations and discussions relating to the preference claim, (iii) the effect that avoiding the liens at issue would have on the Debtors' estate and a Chapter 11 filing by Debtors, and (iv) communications with respect the Debtors' Board of Directors' fiduciary duties with respect to the same, on or about the following dates and in connection with the matters referenced in the associated documents set forth below:

   a. April 17, 2020 (*See, e.g.*, CHK0106635)

   b. April 18, 2020 (*See, e.g.*, WLRK-CHK-BD00000065)

   c. April 20, 2020 (*See, e.g.*, CHK0106631)

   d. April 21, 2020 (*See, e.g.*, CHK0054506)

   e. April 26, 2020 (*See, e.g.*, WLRK-CHK-BD_00000074)

   f. April 27, 2020 (*See, e.g.*, CHK0106571)

   g. April 28, 2020 (*See, e.g.*, FLLOAHG00000035)

   h. May 1, 2020 (*See, e.g.*, CHK0109328)

   i. May 3, 2020 (*See, e.g.*, FLLOAHG00000228)

   j. May 5, 2020 (*See, e.g.*, CHK0210457)

   k. May 5, 2020 (*See, e.g.*, FLLOAHG00014529)

   l. May 6, 2020 (*See, e.g.*, CHK0109273)

m. May 6, 2020 (*See, e.g.*, CHK0106452)

n. May 7, 2020 (*See, e.g.*, CHK0106396)

o. May 10, 2020 (*See, e.g.*, CHK0054387)

p. May 10, 2020 (*See, e.g.*, WRLK-CHK-BD_00000191)

q. May 10, 2020 (*See, e.g.*, FLLOAHG00000761)