# EXHIBIT 1

FILED
5/14/2020 1:22 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-06798

5 CIT/ ESERVE

CAUSE NO. _____

| | | |
|---|---|---|
| Madison Hendrix, Individually, and as the Personal Representative of the Estate of Brad Hendrix, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| Chesapeake Energy Corporation; CC Forbes, LLC; Forbes Energy Services, LLC; Eagle PCO LLC; WildHorse Resources Management Company, LLC, | § § § § § § | |
| *Defendants,* | § | _____ JUDICIAL DISTRICT |

## **Plaintiff's Original Petition**

Plaintiff Madison Hendrix, Individually, and as the Personal Representative of the Estate of Brad Hendrix complains of Defendants **Chesapeake Energy Corporation, CC Forbes, LLC, Forbes Energy Services, LLC, Eagle PCO LLC, and WildHorse Resources Management Company, LLC** (collectively, "Defendants") and will show the Court the following:

### I.

### **Nature of Action**

1. This is an action arising under the common law of the State of Texas.

### II.

### **Discovery**

2. Plaintiff intends to conduct discovery under Discovery Level 2 pursuant to Texas Rules of Civil Procedure.

### III.

### Jurisdiction and Venue

3. Venue is proper in Dallas County as agreed to by the parties. The Court has general and specific jurisdiction over all the parties here. Removal to federal court would be improper here because some of the named Defendants are Texas residents and citizens. There are no federal causes of action asserted and there is no federal question jurisdiction.

### IV.

### Parties

4. Plaintiff is a resident and citizen of Texas. She is the biological daughter of Brad Hendrix ("Hendrix" or "Decedent"). She is filing this case individually and on behalf of Mr. Hendrix's estate.

5. Defendant **Chesapeake Energy Corporation** is a foreign corporation that conducts a substantial amount of business in Texas. Defendant Chesapeake Energy Corporation conducts systematic and continuous business in the State of Texas such that it is at home in the State. The tragedy necessitating this lawsuit took place in Texas. Chesapeake has offices in Harris County. Chesapeake Energy Corporation may be served with process through its registered agent: **CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

6. Defendant **CC Forbes, LLC** is a Texas limited liability company. CC Forbes, LLC may be served with process through its registered agent: **Charles C. Forbes Jr., located at 4783 S. Business 281, Alice, TX 78333, or wherever he may be located.**

7. Defendant **Forbes Energy Services, LLC** is a Texas limited liability company. Forbes Energy Services, LLC may be served with process through its registered agent: **Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701.**

8. Defendant **Eagle PCO LLC** is a foreign corporation that also conducts business under the fictitious name of Texas Eagle Pressure Control LLC. Defendant Eagle Pressure Control LLC conducts systematic and continuous business in the State of Texas such that it is at home in the State. Eagle PCO LLC may be served with process through its registered agent: **Cogency Global Inc., 1601 Elm St., Suite 4360, Dallas, TX 75201.**

9. Defendant **WildHorse Resources Management Company, LLC** is a Texas Defendant that had its principle place of business in Harris County at 9805 Katy Freeway #400, Houston, TX 77024. WildHorse may be served with process through its registered agent: **CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## V.

### Facts

10. On or about January 29, 2020, Hendrix was working on a land rig at a drilling site in Texas that was owned, managed, operated and/or controlled by Defendants. The site is a WildHorse and Chesapeake Energy site identified as the Wendland, Daniel H 1H site and has RRC ID # 13617. On or about that day, due to a blowout at the site (pictured below), Hendrix suffered catastrophic injuries. He was subsequently life-flighted to a trauma center where he died days later.



11. Defendants were negligent, negligent per se, and grossly negligent, and acted recklessly, intentionally, and/or with an utterly wanton disregard for the rights and safety of Hendrix and others for the following reasons:

    a. failure to properly train their employees and contractors;

    b. failure to provide adequate medical treatment;

    c. failure to provide a safe work place;

    d. failure to properly inspect and maintain the equipment in question;

    e. failing to warn about unreasonably dangerous conditions at the work site;

    f. failing to make unreasonably dangerous conditions at the worksite safe;

    g. failing to timely and adequately react and respond to the emergency situation;

    h. failing to recognize the likelihood of this tragic situation long before the fire started;

    i. vicariously liable for the conduct of its employees and/or agents;

    j. violation of applicable, local, state, and federal laws and/or regulations; and

    k. other acts deemed negligent, negligent per se, and/or grossly negligent.

## VI.

### Damages

12. As a wrongful death beneficiary, Plaintiff Madison Hendrix seeks to recover the damages available under Texas law for the wrongful death of her father Brad Hendrix. Plaintiff is entitled to recover for her injuries, which give rise to both wrongful death and survival claims. As the personal representative of the Estate of Brad Hendrix, Plaintiff Madison Hendrix seeks to

recover damages for the survival action she is entitled to bring under TEX CIV. PRAC. & REM. CODE §71.021.

13. Due to Defendants' negligence, negligence *per se*, and gross negligence, Plaintiff sustained:

    a. Pre-death physical pain and suffering;

    b. Pre-death mental pain, suffering, emotional distress, and mental anguish;

    c. Loss of earning capacity and inheritance;

    d. Loss of fringe benefits;

    e. Loss of services and support;

    f. Loss of nurture, guidance, care, and instruction;

    g. Loss of enjoyment of life;

    h. Loss of future pecuniary support;

    i. Loss of society and companionship;

    j. Emotional distress and mental anguish; and

    k. All other damages recoverable under the law.

14. Pursuant to Rule 47, Plaintiff Madison Hendrix seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

## VII.

## **Jury Trial**

15. Plaintiff hereby demands a trial by jury on all claims.

## VIII.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Ryan S. MacLeod
Texas State Bar No. 24068346
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jaiteam@arnolditkin.com

*ATTORNEYS FOR PLAINTIFF*