IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION, *et. al.*,[1] | § § § | CASE NO. 20-33233 (DRJ) |
| DEBTORS | § § § | (Jointly Administered) |

**FAIRFIELD'S OBJECTION TO PROPOSED CURE AMOUNT AND ASSUMPTION OF INTELLECTUAL PROPERTY LICENSES, LIMITED OBJECTION TO CONFIRMATION OF SECOND AMENDED PLAN OF REORGANIZATION, AND OPT-OUT OF PROPOSED PLAN RELEASES**
[RELATES TO ECF ## 1644, 1645, 1907, 1931]

**TO: THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE**

Fairfield Industries Incorporated d/b/a Fairfield Geotechnologies f/k/a Fairfield Nodal ("Fairfield") ("Fairfield"), a counterparty to intellectual property license agreements for the nonexclusive use of geophysical seismic data with Chesapeake Energy Corporation ("the Debtor"), objects to the Debtor's proposed assumption of Fairfield's license agreements and objects on a limited basis to confirmation of the Debtor's Second Amended Plan of Reorganization ("the Plan" - ECF # 1644).

## OVERVIEW

1.   Fairfield is a Houston-based geophysical seismic company that licenses the use of its intellectual property to third parties.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

2.     Fairfield licenses the nonexclusive use of certain of its geophysical seismic data ("Fairfield's IP") to the Debtor under a series of geophysical data license agreements that began in 2002 and have been supplemented about a dozen times over the intervening years (collectively "the Fairfield license").

3.     On November 23, 2020, the Debtor filed with the Court a Plan Supplement ("the Plan Supplement" - ECF # 1907) in which it proposes to assume the Fairfield license (as well as several hundred other executory contracts) for a cure amount of zero (see Exhibit C of the Plan Supplement).

4.     Fairfield objects to the Debtor's proposed assumption of the Fairfield license because its proposed cure amount and assumption are contrary to the terms of the Fairfield License and applicable law. Moreover, Fairfield objects to confirmation of the Debtor's Plan to the limited extent that it authorizes the Debtor to use of Fairfield's IP post-confirmation before this Court determines whether the Debtor may assume the Fairfield license.

### OBJECTION TO CURE AMOUNT AND ASSUMPTION OF FAIRFIELD LICENSE

5.     The gravamen of the Debtor's Plan is a debt for equity swap under which certain creditors will receive new equity in the Debtor and existing equity will be wiped out. Accordingly, the Plan involves a change in control of the Debtor.

6.     The Debtor filed its Plan Supplement with the Court on November 23rd in which it proposes to assume the Fairfield license for a zero cure cost. However, if the Debtor desires to retain the Fairfield license in connection with a transaction that involves a change in control, then the Fairfield license requires the Debtor to pay Fairfield a fee based upon Fairfield's market rate license fee with respect to Fairfield's IP. Accordingly, Fairfield objects to the Debtor's proposed cure amount of zero for assumption of the Fairfield license.

7.     Moreover, the Fairfield license is subject to the applicable law of Texas and U.S. trade secret law. Thus, section 365(c)(1)A) of the Bankruptcy Code prohibits the Debtor's assumption of the Fairfield license without Fairfield's consent. Inasmuch as the Debtor's proposed zero cure amount does not satisfy the statutory and contractual requirements for assuming the Fairfield license, Fairfield objects to the Debtor's proposed cure amount and its proposed assumption of the Fairfield license.

## LIMITED OBJECTION TO CONFIRMATION

8.     Fairfield objects to confirmation of the Plan to the limited extent that it authorizes the Debtor to use Fairfield's IP after confirmation of the Plan but before this Court determines whether the Debtor may assume the Fairfield license. Accordingly, Fairfield requests the following language (or similar language to the same effect) be included in the order confirming the Plan:

> "After confirmation of the Plan, the Debtor will not use any third party's intellectual property under a license agreement if a contested matter exists in the Bankruptcy Court on the Confirmation Date over the Debtor's proposed assumption of the license agreement as an executory contract ("disputed license"). The Confirmation Order will not become effective as to any such disputed license unless or until the following conditions are fulfilled: (i) the Bankruptcy Court approves an Order authorizing the Debtor to assume such disputed license, and (ii) the Debtor fulfills its obligations under the Order and the disputed license to assume it."

## OPT-OUT OF PLAN RELEASES

9.     Finally, Fairfield elects to opt out of the releases contained in the Second Amended Plan and thus will not be included in the "Releasing Parties" as defined in the Second Amended Plan.

Accordingly, Fairfield requests that the Court deny the Debtor's proposed assumption of its  license under the terms that the Debtor currently proposes, grant Fairfield's limited

objection to confirmation by prohibiting the Debtor's post-confirmation use of Fairfield's IP pending this Court's adjudication of the contested matter over the Debtor's proposed assumption of the Fairfield license, and for such other and further relief as is just.

Respectfully submitted,

*/s/ Tom Kirkendall*
Tom Kirkendall
State Bar No. 11517300/SDTX No. 02287
**LAW OFFICE OF TOM KIRKENDALL**
2 Violetta Ct
The Woodlands, Texas 77381-4550
713.703.3536
bigtkirk@hey.com

**COUNSEL FOR FAIRFIELD INDUSTRIES INCORPORATED d/b/a FAIRFIELD GEOTECHNOLOGIES f/k/a FAIRFIELD NODAL**

## CERTIFICATE OF SERVICE

I certify that on December 7th, 2020, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Tom Kirkendall*
Tom Kirkendall