## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | § § | Case No. 20-33233 (DRJ) |
| Debtors. | § § § § | (Jointly Administered) |
| | | **Re: Docket No. 1448** |

### AGREED ORDER GRANTING (I) RELIEF FROM THE AUTOMATIC STAY, EFFECTIVE AS OF JANUARY 4, 2021, AND (II) RELATED RELIEF

Upon the motion (the "Motion")[2] of Justin Cobb, Kristine Cobb, and Linda Milanovich (collectively, the "Movants"), individually and as next friend, for entry of an order (this "Order"): (a) granting relief from the automatic stay and (b) granting related relief; and the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Movants having mutually agreed that entry of this Order is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake.  The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The automatic stay imposed by section 362 of the Bankruptcy Code is modified, effective as January 4, 2021, with respect to the State Court Action and the MDL Proceeding solely to the limited extent necessary to enable (a) the State Court Action and the MDL Proceeding to proceed to final judgment or settlement, including any appellate proceedings and collection proceedings against any insurance policy or carrier, and (b) the Movants to recover any final judgment or settlement (i) solely from proceeds of any applicable insurance policies (the "Policies") and (ii) to the extent any such judgment or settlement is not satisfied from the proceeds of the Policies, as general unsecured prepetition claims in the Debtors' chapter 11 cases, subject to treatment as such under any confirmed plan.

2. The Movants agree and acknowledge that: (a) any amounts recovered by the Movants by a final order or settlement in the State Court Action and the MDL Proceeding are limited (i) solely to proceeds from the Policies, if any, and (ii) to the extent any such judgment or settlement is not satisfied from the proceeds of the Policies, as general unsecured prepetition claims in the Debtors' chapter 11 cases, subject to treatment as such under any confirmed plan, and (b) as against the Debtors, the Movants must prosecute the State Court Action or the MDL Proceeding (and enforce any judgment obtained on account of the same) (i) solely with respect to proceeds available from the Policies, if any, and (ii) to the extent any such judgment or settlement is not satisfied from the proceeds of the Policies, as general unsecured prepetition claims in the Debtors' chapter 11 cases, subject to treatment as such under any confirmed plan.

3. Except as set forth herein, the Movants shall not seek any recovery from the Debtors, their estates, or their successors for any amounts that may be awarded to Movants in the

State Court Action or the MDL Proceeding.

4. For the avoidance of doubt, while the Movants' claims as against the Debtors, their estates, and the reorganized Debtors shall be subject to discharge as otherwise provided in any confirmed plan, no injunction or other provision of any such plan shall apply so as to prevent the Movants from liquidating their claims and from collecting on those claims as and to the extent otherwise provided for herein.

5. Following approval by the Bankruptcy Court and entry of the this Order, the Movants shall file this Order in the court in which the State Court Action and the MDL Proceeding are pending.

6. By agreeing to this Order, the Debtors are not waiving and will not be deemed to have waived any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the State Court Action and the MDL Proceeding.

7. Neither this Order nor any negotiations and writings in connection with this Order will in any way be construed as or deemed to be evidence of or an admission on behalf of the Debtors or the Movants regarding any claim or right that such party may have against the other party.

8. Neither this Order, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Debtors and the Movants, other than as may be necessary: (i) to obtain approval of and to enforce this Order, (ii) to seek damages or injunctive relief in connection therewith, or (iii) to prove that the automatic stay has been modified to allow prosecution of the State Court Action and the MDL Proceeding in accordance with the terms of this Order.

9. Nothing herein (a) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (b) relieves the Debtors of any of their obligations under the insurance policies and related agreements; (c) creates or permits a direct right of action by any claimants against any of the Debtors' insurers; (d) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (e) constitutes a determination or admission that coverage exists with respect to any claims. For the avoidance of doubt, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, the Debtors' insurers to (a) administer, handle, defend, settle, and/or pay the claims (and any costs related thereto) of Movants subject to and in accordance with the terms of any applicable insurance policies and related agreements; and (b) draw on any and all collateral provided by or on behalf of the Debtors therefor if and when the Debtors fail to pay and/or reimburse any insurers and third party administrators for any such amounts.

10. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

Houston, Texas
Dated: _____, 2020

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**AGREED TO THIS 9th DAY OF DECEMBER, 2020:**

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| Kristhy M. Peguero (TX Bar No. 24102776) | Marc Kieselstein, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Alexandra Schwarzman (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 300 North LaSalle Street |
| Houston, Texas 77010 | Chicago, Illinois 60654 |
| Telephone: (713) 752-4200 | Telephone: (312) 862-2000 |
| Facsimile: (713) 752-4221 | Facsimile: (312) 862-2200 |
| Email: mcavenaugh@jw.com | Email: patrick.nash@kirkland.com |
| jwertz@jw.com | marc.kieselstein@kirkland.com |
| kpeguero@jw.com | alexandra.schwarzman@kirkland.com |
| vpolnick@jw.com | |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Co-Counsel to the Debtors and Debtors in Possession* |

*-and-*

/s/ *Davor Rukavina*

Davor Rukavina (Texas Bar No. 24030781)
**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-5359

*Counsel for Movants*