

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/14/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | § | Case No. 20-33233 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re: Docket No. 2219** |

### AGREED ORDER GRANTING (I) RELIEF FROM THE AUTOMATIC STAY, EFFECTIVE AS OF JANUARY 4, 2021, AND (II) RELATED RELIEF

Upon the motion (the "Motion")[2] of Omar Balboa (the "Movant"), for entry of an order (this "Order"): (a) granting relief from the automatic stay and (b) granting related relief; and the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Movant having mutually agreed that entry of this Order is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1	The automatic stay imposed by section 362 of the Bankruptcy Code and any injunction or stay contained in any approved plan or confirmation order are modified, effective as January 4, 2021, with respect to the Omar Balboa Action in the Texas Court (the "Texas Action") and the MDL Proceeding solely to the extent necessary to enable (a) the Texas Action and the MDL Proceeding to proceed to final judgment or settlement and (b) the Movant to recover any final judgment or settlement (i) solely from proceeds of any applicable insurance policies (the "Policies"), and (ii) to the extent any such judgment or settlement is not satisfied from the proceeds of the Policies, as general unsecured prepetition claims in the Debtors' chapter 11 cases, subject to treatment as such under any confirmed plan.

2	The Movant agrees and acknowledges that: any amounts recovered against the Texas Actions Defendant Debtors by the Movant by a final order or settlement in the Texas Action or the MDL Proceeding are limited (i) solely to proceeds from the Policies, if any, and (ii) to the extent any such judgment or settlement is not satisfied from the proceeds of the Policies, as general unsecured prepetition claims in the Debtors' chapter 11 cases, subject to treatment as such under any confirmed plan.  To the extent necessary, Plaintiff may take legal action against the insurance companies that have issued the Policies in order to obtain the proceeds of the Policies and/or enforce the rights of the Debtors against the insurance companies issuing the Policies.

3	Except as set forth herein, the Movant shall not seek any recovery from the Debtors, their estates, or their successors (solely in such capacity) for any amounts that may be awarded to Movant in the Texas Action or the MDL Proceeding.

4	Movant's proof of claim shall be allowed in an amount equal to the amount of any

final non-appealable judgment in the above-referenced cases or any settlement resolving the claims, less the amount of proceeds of the Policies received by the Movant on account of such judgment or settlement, if any.

5. Following approval by the Bankruptcy Court and entry of this Order, the Movant shall file this Order in the court in which the Texas Action and the MDL Proceeding are pending.

6. By agreeing to this Order, neither the Debtors nor the Movant are waiving and will not be deemed to have waived any available rights, claims, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Texas Action and the MDL Proceeding.

7. This Order is without prejudice to Movant's rights to recovery against any non-Debtor Defendants that are parties to the Texas Action or the MDL Proceeding.

8. Neither this Order nor any negotiations and writings in connection with this Order will in any way be construed as or deemed to be evidence of or an admission on behalf of the Debtors or the Movant regarding any claim or right that such party may have against the other party.

9. Neither this Order, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Debtors and the Movant, other than as may be necessary: (i) to obtain approval of and to enforce this Order, (ii) to seek damages or injunctive relief in connection therewith, or (iii) to prove that the automatic stay has been modified to allow prosecution of the Texas Action and the MDL Proceeding in accordance with the terms of this Order.

10. Nothing herein (a) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (b) relieves the Debtors of any of their obligations under the insurance policies and related agreements; (c) creates

or permits a direct right of action by any claimants against any of the Debtors' insurers where no such right previously existed; (d) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (e) constitutes a determination or admission that coverage exists with respect to any claims.  For the avoidance of doubt, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, the Debtors and the Debtors' insurers to (a) administer, handle, defend, settle, and/or pay the claims (and any costs related thereto) of Movant subject to and in accordance with the terms of any applicable insurance policies and related agreements; and (b) draw on any and all collateral provided by or on behalf of the Debtors therefor if and when the Debtors fail to pay and/or reimburse any insurers and third party administrators for any such amounts.

11. This Agreed Order and the confirmation order to be entered in the above-captioned chapter 11 cases are to be read consistently and to each incorporate the terms of the other.

12. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**Signed:  December 14, 2020.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

4

**AGREED TO THIS 11th DAY OF DECEMBER, 2020:**

/s/ *Matthew D. Cavenaugh*
**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
jwertz@jw.com
kpeguero@jw.com
vpolnick@jw.com

*Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Alexandra Schwarzman (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
marc.kieselstein@kirkland.com
alexandra.schwarzman@kirkland.com

*Co-Counsel to the Debtors
and Debtors in Possession*

*-and-*

By: */s/ Michael Miller*
**LAW OFFICES OF MICHAEL MILLER, P.C.**
Michael Miller (TX Bar No. 00788060)
926 Chulie Drive
San Antonio, Texas 78216
Telephone: (210) 225-666
Email: mmiller@michaelmillerlaw.com

*Counsel for Omar Balboa*