ENTERED
04/07/2021

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BANKRUPTCY COURT

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHESAPEAKE ENERGY CORPORATION, *et al.*,[1] | ) | Case No. 20-33233 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) DIRECTING THE APPLICATION OF RULES 9014, 9019, AND 7023, (II) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (III) PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, (IV) APPROVING FORM AND MANNER OF CLASS NOTICE, AND (V) SETTING DATE FOR FINAL APPROVAL HEARING ON FINAL APPROVAL OF SETTLEMENT**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

Upon the motion (the "Motion") of Chesapeake Energy Corporation ("Chesapeake") for entry of an order (this "Order"): (i) directing the application of Rules 9014, 9019, and 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, by incorporation, Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules"),  (ii) granting preliminary approval of the class action settlement attached as Exhibit 2 to the Motion (the "Settlement Agreement"); (iii) preliminarily certifying a class for settlement purposes, (iv) approving the form and manner of Class Notice to members of the Settlement Agreement, and (v) setting date for final approval hearing on final approval of the settlement, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a preliminary order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Court has considered the objection filed by the "Pennsylvania Proof of Claims Lessors" (Dkt. No. 3335) and overrules the objection at this time, without prejudice to such lessors' rights to raise any issues in the District Court.

3. Accordingly, the Settlement Agreement attached as Exhibit 2 to the Motion is hereby preliminarily approved. The Court preliminarily finds that the Settlement Agreement complies with Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. §1715).

4. The form of the notice to be sent to the Class Members (the "Class Notice") attached to the Settlement Agreement as Exhibit D and the service of the Class Notice by the Epiq Corporate Restructuring LLC (the "Settlement Administrator") to each class Member, at the last known address of each Class Member according to the Debtors' books and records comports with all applicable law and is hereby approved.

5. The Class Notice shall be mailed by first-class mail, postage prepaid, by the Notice Administrator within 15 business days following the entry of this Order.

6. The parties shall file motions and memoranda in support of final approval of the Settlement Agreement and Class Counsel shall file their request for attorneys' fees and expense reimbursements 45 days from the date of this Order.

7. Any member of the Class who wishes to object to or comment on the proposed settlement, or to object to Class Counsel's request for attorney's fees and expense reimbursements, must postmark and mail such objections or comments by 60 days from the order. In accordance with the procedures set forth in the Settlement Notice, any such objections or comments must be mailed to Class Counsel, Chesapeake's counsel, and the Court.

8. Any member of the Class who wishes to exclude himself or herself from the Class Settlement must postmark and mail the exclusion request to Class Counsel and Chesapeake's counsel no later than 60 days from the order.

9. Any class member who wishes to appear and be heard at the final approval hearing must postmark and mail notice of such intention by June 22, 2021. Notice of such intention must be mailed to Class Counsel, Chesapeake's counsel, and the Court.

10. By June 18, 2021, Class Counsel and Chesapeake may file a response to any Class Member's objections or comments.

11. The final Fairness hearing will be resolved by an Article III court, and to that end, Chief Judge Rosenthal of the U.S. District Court for the Southern District of Texas has determined that the Fairness Hearing will be conducted on June 29, 2021 at 10:00 a.m. to consider final approval of the Settlement Agreement and Class Counsel's request for attorneys' fees and expense reimbursements. The Court may adjourn the Fairness Hearing without further notice of any kind.

12. This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

**Signed: April 07, 2021.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM BY CLASS COUNSEL AND COUNSEL FOR THE MEC PLAINTIFFS**

*/s/ Daniel E. Seltz (with permission)*
Daniel E. Seltz
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson St., 8th Floor
New York, NY 10013

**APPROVED AS TO FORM BY COUNSEL FOR THE PENNSYLVANIA PROOF OF CLAIM LESSORS**

*/s/ Ira Richards (with permission)*
Ira Neil Richards
Schnader Harrison Segal & Lewis LLP
1600 Market St
Suite 3600
Philadelphia, Pa 19106
(215)751-2503

**APPROVED AS TO FORM BY COUNSEL FOR CHESAPEAKE:**

*/s/ Daniel T. Donovan*
Daniel T. Donovan
Ragan Naresh
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington DC 20004