**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CHESAPEAKE ENERGY | ) | |
| CORPORATION, *et al.,* | ) | Case No. 20-33233 (DRJ) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**STARK FAMILY LIMITED PARTNERSHIP REQUEST FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE CLAIMS**

Stark Family Limited Partnership ("**Claimant**" or "Stark FLPs"), by and through their

undersigned counsel, by way of Request for Allowance and Payment of Administrative Claims

(the "Request"), hereby state:

**BACKGROUND**

*A.      The Leases*

1.      In September of 2009, Claimants entered into an oil and gas leases (the "Lease")

with Chesapeake which burden multiple parcels of real property located in Wyoming County,

Pennsylvania (the "Leased Premises").   The leases are substantially identical except for the

property description.   Copies of the Lease are attached to Claimants original claim as Exhibit A.

*B.      The Debtors' Chapter 11 Cases and the* Stark FLP's *Proofs of Claim*

2.      On June 28, 2020 (the "Petition Date"), the Debtors, including Chesapeake

Appalachia, ("Chesapeake") filed petitions for relief under Chapter 11 of the United States

Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

3.      The Stark FLP timely filed secured proofs of claim for the amounts due under the

Lease, Claim No. 13239 (the "Proofs of Claim").   The Stark FLP filed claims based on improper

deductions.

4.      The Proofs of Claim provide, *inter alia*, that the Stark FLP possess administrative claims and that the Stark FLP reserved the right to seek allowance and payment of administrative claims "for all unpaid amounts due under the Leases after the Petition Date."

**D.      The Debtors' Plan**

5.      On September 11, 2020, the Debtors' filed a proposed plan of reorganization [Docket No. 1150], and the Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Chesapeake Energy Corporation and Its Debtor Affiliates [Docket No. 1151], both of which were subsequently amended.

6.      On October 8, 2020, the Debtors filed their amended disclosure statement [Docket No. 1331] (the "Disclosure Statement").

7.      On October 30, 2020, the Bankruptcy Court entered an Order approving the Disclosure Statement [Docket No. 1633].

8.      On December 7, 2020, the Stark FLP filed an objection to the Debtors' proposed reorganization plan. [Docket No. 2149] as a Member of the Pennsylvania Lessor's Group [CONFIRM WE NEED TO GET THE LIST AND DEAL W/ STRAGGLERS like B Burke].

9.      On January 12, 2021, the Debtors filed their Fifth Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). [Docket No. 2833].

10.     The Plan provides for a complete pass-through of the Stark FLPs' rights under the Leases. The Plan states that "all Royalty and Working Interests shall remain in full force and effect in accordance with the terms of the granting instruments or other governing documents applicable to such Royalty and Working Interests." Plan, Article IV. T.

11.     The Plan further states that "Royalty and Working Interests shall not be modified, affected or impaired in any manner by any provision of the Plan or the Confirmation Order,

PHDATA 7784273_1

including but not limited to any injunctive or stay relief, and the legal and equitable rights, interests, defenses, and obligations of holders of Royalty and Working Interests, with respect to such Royalty and Working Interests, shall not be modified, affected or impaired in any manner by the provisions of the Plan or the Confirmation Order." *Id.*

12.     On January 16, 2021, the Court entered an Order Confirming the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization [Docket No. 2915].

13.     On February 9, 2021, the Debtors filed and served a Notice of Entry of Order Confirming the Fifth Amended Joint Chapter 11 Plan of Reorganization of Chesapeake Energy Corporation and Its Debtor Affiliates (the "Notice") [Docket No. 3058].

14.     Pursuant to the Notice, the Plan became effective on February 9, 2021 (the "Effective Date").

15.     In addition, the Notice provides that requests for payment Royalty and Working Interests Administrative Claims must be filed on or before June 9, 2021.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

17.     Venue is proper pursuant to 28 U.S.C. § 1408.

18.     The statutory basis for the relief requested herein is Sections 105(a) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code").

## RELIEF REQUESTED

19.     Section 503(b)(1) of the Bankruptcy Code provides that there shall be allowed administrative expenses for the "actual, necessary costs and expenses of preserving the estate."

PHDATA 7784273_1

20.     In addition, the Disclosure Statement states that "any post-petition, pre-Effective Date right to payment arising from a Royalty and Working Interest, if any, shall be treated by the Plan as an Administrative Claim." Disclosure Statement at 10.

21.     Further, the Plan provides that "any postpetition, pre-Effective Date rights to payment arising on account of Royalty and Working Interests" shall constitute administrative claims. Plan, Article I. A. 172.

22.     Under the Plan, allowed administrative claims are to be paid in full no later than thirty (30) days after the date on which an order allowing the administrative claim becomes a final order, or as soon as reasonably practicable thereafter. Plan, Article II. A. 1.

23.     Between the Petition Date and the Effective Date (the "<u>Administrative Claim Period</u>"), the Debtors breached the Leases by underpaying the royalties due and owing to the Stark FLP.

24.     As a result, the Stark FLP is entitled to an administrative claim for all unpaid or underpaid royalties due under the Leases during the Administrative Claim Period.

25.     The estimated total amount due the Stark FLP pursuant to the Leases for unpaid or underpaid royalties during the Administrative Claim Period, exclusive of interest as provided for under the Leases, is not less than $24,658.89. [1]

26.     Consequently, the Stark FLP request the entry of an order allowing them administrative claims for all amounts due under the Leases during the Administrative Claim Period.

## CONCLUSION

---

[1]     As set forth in the Proofs of Claim, until additional information is provided by Chesapeake, the Stark FLP will be unable to determine the exact amount of the royalty underpayments and other charges due under the Leases.

PHDATA 7784273_1

27.     For the foregoing reasons, the Stark FLP, respectfully request that the Court enter an Order allowing the Stark FLP administrative claims for all unpaid and underpaid royalties due under the Leases during the Administrative Claims Period, and for such other and further relief as the Court deems just and equitable.

Dated:  June 8, 2021

By: /s/ Aaron D. Hovan
Aaron D. Hovan (admitted *pro hac vice*)
Law Office of Aaron Hovan
154 Warren St.
Tunkhannock, PA 18657
Telephone: (570) 836-3121
aaron@hovanlaw.com


Ira N. Richards (admitted *pro hac vice*)
Richard A. Barkasy (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205
irichards@schnader.com
rbarkasy@schnader.com

*Attorneys for the Stark FLP*

PHDATA 7784273_1