**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CHESAPEAKE ENERGY | ) | |
| CORPORATION, *et al.,* | ) | Case No. 20-33233 (DRJ) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**WILLIAM N. EARNSHAW'S REQUEST FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS**

William N. Earnshaw ("**Claimant**" or **"Earnshaw"**) on behalf of themselves and all those similarly situated, by and through their undersigned counsel, by way of Request for Allowance and Payment of Administrative Claims (the "Request"), hereby state:

## BACKGROUND

### A.    *The Leases*

1.    On the 19th of September, 2008 Claimant entered into an oil and gas lease with Citrus Energy Corporation ("Citrus Lease"), marked as Lease #1-349276-000. Additionally, on October 12, 2007, Claimant's predecessor in title entered into an oil and gas lease with Magnum Land Services, LLC ("Magnum Lease"), Memorandum recorded at Wyoming County Instrument #2007-4872.  These oil and gas leases (the "Leases") were subsequently assigned to the Debtor. Claimants Leases burden multiple parcels of real property located in Wyoming County, Pennsylvania (the "Leased Premises").  A Copy of the Leases is attached to Earnshaw's original claim referenced below.

2.    Chesapeake breached the Leases through at least the following: (a) its underpayment of royalties, which were underpaid or not paid by Chesapeake's unauthorized

deduction of post-production costs; and (b) its failure to provide production data and otherwise comply with its obligations under the Leases' audit clauses.

3.      Chesapeake failed to cure its breach of the Leases after receiving written default notices, and Chesapeake's underpayment of royalties and is ongoing.

**B.**      *Earnshaw's Pennsylvania Action.*

4.      On or about August 1, 2019, Claimant filed with the Wyoming County Court of Common Pleas a Complaint alleging that the Magnum Lease is null and void due to the actions of Chesapeake on the leased premises.

5. As of the Petition Date, Chesapeake has placed in a suspense account more than $260,000 of undisputed pre-petition royalties because of a litigation hold.  These funds are related to Claimants Magnum Lease.

6.      As of the Petition Date, $89,388.95 was due and owing under the Citrus Lease, based on Chesapeake's unauthorized deduction of post-production costs for Gathering and Transportation from Claimant's royalty payments. Claimant is unable to determine the full amount of the royalty underpayments and other charges due under the Leases because Chesapeake has failed and refused to provide necessary information in response to Claimant's requests.

**C.**      *The Debtors' Chapter 11 Cases and Earnshaw's Proofs of Claim*

11.      On June 28, 2020 (the "Petition Date"), the Debtors, including Chesapeake Appalachia, ("Chesapeake") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

2

12.     Earnshaw timely filed secured proofs of claim for the amounts due under the Leases, Claim Nos. 13228 and 13230 (the "Proofs of Claim").

13.     The Proofs of Claim provide, *inter alia*, that the Earnshaw possesses administrative claims and Earnshaw reserved the right to seek allowance and payment of administrative claims "for all unpaid amounts due under the Leases after the Petition Date."

### D.     The Debtors' Plan

15.     On September 11, 2020, the Debtors' filed a proposed plan of reorganization [Docket No. 1150], and the Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Chesapeake Energy Corporation and Its Debtor Affiliates [Docket No. 1151], both of which were subsequently amended.

16.     On October 8, 2020, the Debtors filed their amended disclosure statement [Docket No. 1331] (the "Disclosure Statement").

17.     On October 30, 2020, the Bankruptcy Court entered an Order approving the Disclosure Statement [Docket No. 1633].

19.     On January 12, 2021, the Debtors filed their Fifth Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). [Docket No. 2833].

20.     The Plan provides for a complete pass-through of Earnshaw's rights under the Leases. The Plan states that "all Royalty and Working Interests shall remain in full force and effect in accordance with the terms of the granting instruments or other governing documents applicable to such Royalty and Working Interests." Plan, Article IV. T.

21.     The Plan further states that "Royalty and Working Interests shall not be modified, affected or impaired in any manner by any provision of the Plan or the Confirmation Order, including but not limited to any injunctive or stay relief, and the legal and equitable rights,

PHDATA 7784273_1

interests, defenses, and obligations of holders of Royalty and Working Interests, with respect to such Royalty and Working Interests, shall not be modified, affected or impaired in any manner by the provisions of the Plan or the Confirmation Order." *Id.*

22.     On January 16, 2021, the Court entered an Order Confirming the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization [Docket No. 2915].

23.     On February 9, 2021, the Debtors filed and served a Notice of Entry of Order Confirming the Fifth Amended Joint Chapter 11 Plan of Reorganization of Chesapeake Energy Corporation and Its Debtor Affiliates (the "Notice") [Docket No. 3058].

24.     Pursuant to the Notice, the Plan became effective on February 9, 2021 (the "Effective Date").

25.     In addition, the Notice provides that requests for payment Royalty and Working Interests Administrative Claims must be filed on or before June 9, 2021.

## JURISDICTION AND VENUE

29.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

30.     Venue is proper pursuant to 28 U.S.C. § 1408.

31.     The statutory basis for the relief requested herein is Sections 105(a) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code").

## RELIEF REQUESTED

32.     Section 503(b)(1) of the Bankruptcy Code provides that there shall be allowed administrative expenses for the "actual, necessary costs and expenses of preserving the estate."

33.     In addition, the Disclosure Statement states that "any post-petition, pre-Effective Date right to payment arising from a Royalty and Working Interest, if any, shall be treated by the Plan as an Administrative Claim." Disclosure Statement at 10.

34.     Further, the Plan provides that "any postpetition, pre-Effective Date rights to payment arising on account of Royalty and Working Interests" shall constitute administrative claims. Plan, Article I. A. 172.

35.     Under the Plan, allowed administrative claims are to be paid in full no later than thirty (30) days after the date on which an order allowing the administrative claim becomes a final order, or as soon as reasonably practicable thereafter. Plan, Article II. A. 1.

36.     Between the Petition Date and the Effective Date (the "<u>Administrative Claim Period</u>"), the Debtors breached the Leases by underpaying the royalties due and owing to Earnsaw.

37.     Earnshaw is entitled to an administrative claim for all unpaid or underpaid royalties due under the Leases during the Administrative Claim Period.

38.     The estimated total amount due Earnshaw pursuant to the Leases for unpaid or underpaid royalties during the Administrative Claim Period, exclusive of interest as provided for under the Leases, is not less than $1423.85.[1]

39.     Consequently, Earnshaw requests the entry of an order allowing his administrative claims for all amounts due under the Leases during the Administrative Claim Period.

## <u>CONCLUSION</u>

40.     For the foregoing reasons, the Earnshaw respectfully requests that the Court enter an Order allowing Earnshaw's administrative claims for all unpaid and underpaid royalties due

---

[1]     As set forth in the Proofs of Claim, until additional information is provided by Chesapeake, Earnshaw will be unable to determine the exact amount of the royalty underpayments and other charges due under the Leases.

under the Leases during the Administrative Claims Period, and for such other and further relief

as the Court deems just and equitable.

Dated:  June 8th, 2021

By:_____/s/_____

Richard L. Huffsmith
Attorney I.D. No. 78895
28 East Tioga Street
Tunkhannock, PA 18657
(570) 240-4400
richard.huffsmith@gmail.com
*Attorney for the William Earnshaw*